GREGG, APPELLANT, v. GARRETT, RESPONDENT.

[Argued June 1, 1892.  Decided December 19, 1892.]

NEW TRIAL — *Notice of intention.* — Where a notice of intention to move for a new trial fails to state whether the motion will be made upon affidavits, or the minutes of the court, or a bill of exceptions, or a statement of the case as required by section 298 of the Code of Civil Procedure, an appeal from an order denying the motion will be dismissed in the absence of a waiver of such defect by the adverse party.

SAME — *Notice of motion — Waiver of defective notice.* — The mere appearance of respondent's counsel when a motion for a new trial based upon a defective notice is heard does not amount to a waiver of the defects apparent in the notice, and in the absence of anything in the record showing a waiver thereof, an appeal from an order denying the motion will be dismissed.

CLAIM AND DELIVERY — *Pleading — Statute of Frauds.* — Where both parties in an action of claim and delivery alleged in the answer and replication the existence of an agreement concerning the cutting of grass upon plaintiff's land, and set forth the terms of such agreement without substantial difference, raising an issue only as to whether the defendant cut the grass within a reasonable time, an objection by plaintiff to the reception of proof as to any agreement whereby defendant claimed the hay, in that such agreement was not in writing and being for an interest in land was void under the Statute of Frauds, was properly overruled, for even if such objection were tenable under pleadings raising an issue thereon, it could not be interposed by plaintiff after admitting the agreement by verified replication.

*Appeal from Eighth Judicial District, Cascade County.*

Action of claim and delivery. Defendant had judgment below. Motion for new trial denied by BENTON, J. Affirmed.

*Ed. L. Bishop,* for Appellant.

*Leslie & Downing,* for Respondent.

HARWOOD, J.— This is an action of claim and delivery of personal property. Through the process therein, plaintiff recovered possession of a certain quantity of hay. Each party claimed to be the owner thereof. The trial resulted in a verdict by the jury in favor of defendant for the return of the hay to him, or the payment of one hundred dollars, the value thereof, to defendant by plaintiff, and judgment was entered accordingly.

Plaintiff prepared and served a notice of intention to move for new trial, wholly omitting to state therein, as required by statute, whether the motion would " be made upon affidavits, **or**

the minutes of the court or a bill of exceptions, or a statement of the case." (Code Civ. Proc. § 298.) It appears from the record that plaintiff prepared what purports to be a statement of the case as the basis for the presentation of his intended motion for new trial, and served the same on defendant's counsel. It does not appear that defendant or his counsel offered any amendment to said statement, or even acknowledged service thereof, or stipulated that the same was correct, or otherwise took any part in preparing or settling said statement. The judge of the court certified and allowed said statement of the case, and entered an order overruling the motion for new trial. Plaintiff appealed from that order, and from the judgment. Respondent now moves this court to dismiss the appeal from the order overruling plaintiff's motion for new trial, on the ground that plaintiff failed to comply with the statute in giving notice of intention to move for new trial, in that he failed to state therein on what moving papers he would present said motion.

This motion must be sustained. The statute provides as follows: "The party intending to move for a new trial must, within ten days after the verdict of the jury, if the action was tried by a jury, or after notice of the decision of the court or referee, if the action was tried without a jury, file with the clerk, and serve upon the adverse party, a notice of his intention, designating the grounds upon which the motion will be made, and whether the same will be made upon affidavits, or the minutes of the court, or a bill of exceptions, or a statement of the case." (Code Civ. Proc. § 298.) The notice is incomplete and defective, in not setting forth, as required by statute, the basis upon which plaintiff proposed to present the motion for new trial. The reason and importance of this requirement are apparent. Both parties have a right to know upon what papers the motion will be presented, and to participate in preparing the record, if the same has not already been made up by way of bills of exception. The defect in the notice of intention in this case is held to be ground for dismissal, unless the adverse party has waived the same by stipulation, or by co-operation in the formation of the papers upon which the motion is to be made, by amendment, or by some other act which constitutes a

waiver. (Hayne on New Trial and Appeal, §§ 12, 14, and cases cited; *White* v. *Superior Court*, 72 Cal. 475; *Bear River etc. Min. Co.* v. *Boles*, 24 Cal. 354; *Fabian* v. *Callahan*, 56 Cal. 160.)

In the case of *Hibernia etc. Loan Soc.* v. *Moore*, 68 Cal. 158, cited by appellant, the opinion shows that "the motion was made upon a prepared statement, to which amendments were proposed;" and this was considered a waiver of the defects in the notice of motion, unless in proposing such amendment the "objection was taken, or right reserved to object thereafter, to any irregularity in the proceedings leading up to or in connection with the settled statement." Also, in *Flateau* v. *Lubeck*, 24 Cal. 364, it appears that "a statement, which the parties agreed to as correct, was filed," and notwithstanding this it was held that the want of a proper notice of intention to move for new trial was such an irregularity as made the proceeding void. It is not here affirmed that we would follow that ruling. Reference to it is made to show what has been the holding under various conditions in which the question has been presented. In *Christy* v. *Spring Valley Water Works*, 68 Cal. 73, "the motion was heard and decided upon a statement of the case, proposed, amended, and certified." In view of such co-operation by the adverse party in preparing the statement and submitting the motion, without reserving any objection as "to any irregularity in the proceedings on the motion," the court held that such objection was waived. We find nothing in the record which has been held in the authorities cited by appellant as a waiver of the irregularities in the notice of motion upon which this proceeding was had.

Appellant's counsel insists that the appearance by counsel for respondent when the motion was heard amounts to a waiver of the defects apparent in the notice. The record in this case can only be construed to show that respondent's counsel appeared when the motion was submitted to the court. We think it would be going too far to hold that this was a waiver of the omission to give a proper notice according to the plain directions of the statute. (Hayne on New Trial and Appeal, §§ 14, 145, and cases referred to.) Appellant's counsel also contends that respondent should have caused the record to show that he

took advantage of the defect in the notice on the hearing of the motion in the court below. At most, that would have been placing in the record mere argumentative matter. The defect taken advantage of is apparent in the notice itself, and requires no other matter inserted in the record to show this fact. This irregularity in presenting the motion, without stipulation or other action amounting to a waiver of proper notice, may have been the very ground upon which the trial court denied the motion. (*White* v. *Superior Court*, 72 Cal. 475; Hayne on New Trial and Appeal, §§ 14, 145.) And we think, in the absence of anything in the record showing a waiver, the objection by respondent should be sustained.

The judgment roll remains for consideration, and contains a bill of exceptions raising an objection to the introduction of certain testimony. It appears that plaintiff owned a certain piece of hay land, inclosed by a fence, which fence was out of repair. In defense to plaintiff's claim to the hay in question, defendant alleges an agreement whereby he claimed title to the hay in dispute, as follows: That early in the summer of 1891 plaintiff and defendant agreed "that defendant would repair the fence around said land in consideration for said grass on said land for the year 1891, and in pursuance of said agreement did repair the said fence around said land, and afterwards did, on the ——— day of September, 1891, go upon said land and cut said grass, and stacked the hay." Under that agreement defendant claimed title to the hay. Plaintiff, by replication, appears to admit the agreement set forth in the answer, by giving a slightly different version thereof, as follows: "But plaintiff alleges the fact to be that in the month of June, 1891, plaintiff told defendant that if he would repair said fence around said land so that plaintiff could have the use of said land thereafter, and the benefit of the second growth of grass thereon, he (defendant) might at that time cut the grass then growing upon said land; that said defendant did repair said fence, but neglected and refused to cut said hay according to said agreement; that, after a reasonable time had expired for said defendant to cut said hay under said agreement," plaintiff forbade defendant to cut said hay, or go upon said land for that purpose. Having thus admitted the agreement, according to

his version of it, and having admitted that defendant "did repair said fence," upon the trial, as shown by the bill of exceptions, plaintiff's counsel objected to any proof being received as to any agreement, because the agreement whereby defendant claimed said hay was not evidenced by writing, "and, being for an interest in land, is void under the Statute of Frauds." If this objection could be interposed at all, with any force as to the transaction set up in the answer, and admitted by the replication, it could not be interposed by plaintiff after he had solemnly admitted said agreement, according to his version of it, by verified replication.

The agreement in the case at bar did not require proof. Both parties alleged the existence of the agreement, and the terms of it, without substantial difference. The only issue raised appears to be whether defendant proceeded to cut the grass within a reasonable time. The language of plaintiff's replication implies that, by the terms of the agreement which he alleges, defendant was entitled to a reasonable time to carry out the agreement; for he alleges "that after a reasonable time had expired for defendant to cut said hay, under said agreement," plaintiff forbade defendant to cut said hay, or go upon said land for that purpose. From one point of view, this agreement might be regarded as a lease of said field on condition to make repair of the fence, and take the crop of hay in consideration therefor. The term of such lease was for part of a year only, according to the conditions stated, and such lease could be made by parol agreement. (Comp. Stats. div. 5, § 217.) Whether the agreement be regarded as a lease or a sale of the grass to be harvested as hay, there is no issue raised in the pleadings as to the fact of the parties having made the agreement, and the terms thereof. Both parties affirm the contract by solemn declaration in the pleadings, verified. Plaintiff declares in his replication "that said defendant did repair said fence." The only issue raised was as to what was a reasonable time within which defendant should perform the agreement admitted by the pleadings. The objection that said agreement, pleaded by both parties, must be shown by writing, was properly overruled, even if such objection could have had any force if the pleadings had raised an issue thereon — a

point upon which we express no opinion, because that question does not arise under the pleadings.

The jury found in favor of the defendant, and no error appearing from the bill of exceptions, or from other parts of the judgment roll, the judgment must be affirmed.

*Affirmed.*

Blake, C. J., and De Witt, J., concur.