## McCARTHY v. SPEED *et al.*

1. Where an appeal is from the judgment and an order denying new trial, made after judgment, but never entered, it will be considered as from the judgment alone.

2. An appeal from a judgment for defendants in an action to determine adverse claims to mining property will not be dismissed because since the appeal the ground in controversy has been conveyed by defendants, and a patent has been issued to their grantee, who had constructive notice of the action.

3. Parties claiming under the locators of a lode claim, who recorded their location certificate, are estopped, with the locators, against one to whom

the locators sold an interest after an examination of the records, from asserting that there was no discovery to support the location.  .

(Opinion filed September 2, 1899.)

Appeal from circuit court, Pennington county.   Hon. William Gardner, Judge.

This was an action to determine adverse mining claims. Judgment was entered for defendants and plaintiff appealed. On the original hearing the judgment was reversed and a new trial ordered.   Upon this rehearing defendants move to dismiss the appeal, which motion is denied, and the judgment of the trial court is reversed, with directions to enter judgment for plaintiff.

*Chas. W. Brown* and *McLaughlin & McLaughlin,* for appellant.

*Schrader & Lewis* and *Fowler, Cull & Whitfield,* for repondents.

Haney, J.   The issues involved in this action are stated in our former decision. 11 S. D. 362; 77 N. W. 590. Upon the argument on re-hearing, respondents moved to dismiss for the following reasons: (1) Because the order denying a new trial was not entered when the appeal was taken; and (2) because since the appeal was taken all the ground in controversy has been conveyed by defendants to a corporation to which a patent has been issued by the U. S. government.   It has been frequently held by this court that where the appeal is from the judgment and an order made after judgment, and the order has never been entered, the case will be considered as an appeal from the judgment alone.   Machine Co. v. Woulph, 11 S.D. 252, 76 N. W. 939.   The motion to dismiss for the first reason must

be denied, and the record reviewed as if no motion had been made. It must also be denied on the second ground. It is alleged that a notice of pendency of the action was filed in the proper county. If so, defendants' transferee acquired title with constructive notice of plaintiff's interest in the property. Comp. Laws, § 4897. Plaintiff is not seeking to prevent the defendants or their grantee from acquiring title under locations conceded to be valid, but is seeking to establish his right to an interest in the property by virtue of the locations under which defendants claim title. If defendants' successor has obtained the patent with notice of plaintiff's rights, a court of equity can decree that plaintiff, as co-tenant of the original locators, has an interest in the property, and that the patentee holds the title in trust for the excluded co-tenant. Plaintiff was not required to adverse the application for patent. Turner v. Sawyer, 150 U. S. 578, 14 Sup. Ct. 192; Suessenbach v. Bank, 5 Dak. 477, 41 N. W. 662.

Since the rehearing the questions presented by the merits of the appeal have received careful attention. The views announced in our former opinion are adhered to, with slight modifications rendered necessary by the fact, since disclosed, that the order granting a new trial was not entered, and that the evidence is not properly before us. It is stated in our former decision "that the evidence discloses that plaintiff purchased his interest in the Tin Bar claims for a valuable consideration, after an examination of the records, relying upon the location certificates which were placed upon the public records by the locators for the purpose of selling the property as mining claims." And this: "It is urged in argument of counsel for appellant that the judgment below should be reversed and the

cause remanded, with directions to enter judgment for plaintiff. This, we think, should not be done. All the facts upon which we predicate an estoppel are not contained in the findings of fact. This court cannot supply such facts, and without them the decision of the trial court would not sustain a judgment in favor of the plaintiff. The judgment and order denying a new trial are reversed, and a new trial ordered." It now appears that we cannot consider the evidence, and must base our decision upon the facts found by the court below. Its findings show that Reed, Franklin, Blair and Eaton recorded a location certificate for Tin Bar No. 1, and that Blair and Eaton recorded a location certificate for Tin Bar No. 2, in the office of the register of deeds in the proper county, before plaintiff purchased his interest in such claims; that neither defendant is in any better position than the original locators; and, whether or not plaintiff examined and relied upon the records, we think defendants are estopped from denying the validity of these locations. It follows that plaintiff is entitled to a judgment in his favor upon the facts as found by the trial court. Its judgment is therefore reversed, and the cause remanded, with directions to enter judgment adjudging the plaintiff to be the owner of a one-eighth interest in and to so much of the ground covered by the Holy Terror claim and the Keystone No. 4 claim as is embraced within the boundaries of Tin Bar No. 1 and Tin Bar No. 2, as shown by the circuit court's findings of fact, and for his costs and disbursements in the court below.