RICKER V. STOTT *et al.*

1 The findings of fact of the trial court will be presumed to be sustained by the evidence until the contrary clearly appears.

2. A mortgagee who has discharged a mortgage of record by mistake is entitled to have the discharge canceled, and the mortgage reinstated as against a purchaser from the mortgagor with notice of the mistake,

3. A discharge of a mortgage of record by mistake may be canceled, and the mortgage reinstated and enforced, where it can be done without injury to innocent third persons.

(Opinion filed June 1, 1900.)

Appeal from circuit court, Brookings county.  Hon. JULIAN BENNETT, Judge.

·Action by Emma Ricker against Jonathan B. Stott and others to foreclose a mortgage, and to cancel the release of record of another mortgage, and foreclose it.  From a judgment for complainant, defendant Wilhelmina Shultz appeals. Affirmed.

*Cheever & Hall* and *Alexander & Hooker*, for appellants.
*Mathews & Murphy*, for respondents.

FULLER, P. J.  A mortgage of $600, given by the defendant Jonathan B. Stott to respondent on the 1st day of November, 1893, covering the real property described in the complaint, was foreclosed in this action without resistance, and the point to be determined on this appeal arises from the reinstatement of record and foreclosure of another mortgage thereon between the same parties executed on the 6th day of December, 1892, to secure the payment of $1,000, and which respondent by mistake released and discharged of record on the 22d day of December, 1893, instead of a mortgage of said Stott, which she then held, for $175, the release and satisfaction of which she filed in court at the time this action was tried.  The evidence though conflicting, amply sustains the following findings of fact:  "That on or about the 1st day of April, 1895, the defendant Wilhemina Shultz, by and through herself and her agent, William Shultz, purchased the premises described in the complaint herein from

13 S. D.—14

the defendants Jonathan B. Stott and Sarah P. Stott, his wife; that a deed was duly executed and delivered to her for said premises, and was filed in the office of the register of deeds of Brookings county on the 1st day of April, 1895, and recorded in Book 20, on page 390, and out of the purchase price of said land the defendants deducted the two mortgages given to plaintiff thereon—one for $600, and one for $1,000; that at the time of the purchase of said premises as aforesaid the defendant Wilhemina Shultz had actual notice and knowledge that the mortgage thereon given to the plaintiff herein for the sum of $1,000 was wholly unpaid, and she purchased said premises with the understanding between herself and the grantor, Stott, that they were subject to said mortgage; that at and prior to the time of the execution of the deed by Jonathan B. Stott and Sarah P. Stott, his wife, to Wilhemina Shultz, conveying the premises in question, the defendant Wilhemina Shultz had actual knowledge that the $1,000 mortgage described in the complaint in this action had been released by mistake.". In an action triable without a jury the right rests with the trial court to determine the credibility of each witness, the probative force of his testimony, and the preponderance of all the evidence. Consequently we must entertain the presumption, while reviewing the case, that its findings of fact are fully sustained, until satisfied that the weight to the contrary clearly appears from competent evidence presented on appeal. Randall v. Burk Tp., 4 S. D. 337, 57 N. W. 4; Evenson v. Webster, 5 S. D. 266, 58 N. W. 669; Feldman v. Trumbower, 7 S. D. 408, 64 N. W. 189; Grewing v. Machine Co. 12 S. D. 127, 80 N. W. 176. We are convinced from a careful examination that the record will not justify interference with the findings of the court below,

Appellant, having purchased the premises with actual notice of the mortgage of $1,000, discharged by mistake, which she assumed, and as part consideration agreed to pay, is in a position no more favorable than her grantor, and proof of the facts alleged in the complaint fully warrants the equitable relief granted. To exonerate her from payment of such mortgage indebtedness would not only violate one of the plainest rules of justice, but relieve her from the performance of a valid contract into which she entered with actual notice, for a valuable consideration, and from the obligations of which equity furnishes no escape. · Benedict v. Crookshank (Mich.) 24 N. W. 795. When it can· be done without injury to innocent third persons, the record should be restored, and the mortgage enforced according to its terms. Upton v. Hugos, 7 S. D. 476, 64 N. W. 523. After considering all alleged errors, we conclude that the record contains nothing of that nature prejudicial to appellant, and the judgment appealed from is affirmed.