## HOME INV. CO. v. CLARSON, *et al.*

1. Where a purchaser at a second mortgage sale, of which the third mortgagee had no notice, which fact was not known to the purchaser, purchased a release of the first mortgage, and subsequently sued to be subrogated to the rights of the first and second mortgagees, that he was a stranger to the matters at the time of his purchase was no bar to relief.

2. Plaintiff's complaint having alleged that he believed the third mortgagee had been duly served with summons, the complaint showed a mistake of fact on plaintiff's part.

3. The complaint having alleged that the mortgagor had left the country, insolvent, the complaint was not demurrable as disclosing no lack of an adequate remedy at law.

4.  The complaint was not insufficient for not alleging that the mortgagor owned the property since, it being alleged that he executed the mortgages, and all the parties claiming under them, it would be presumed he was the owner.

5.  Where one purchased at a second mortgage sale, of which the third mortgagee had no notice, which fact was unknown to the purchaser, who subsequently secured a release of the first mortgage, and 10 years after the purchase sued to be subrogated to the rights of the first and second mortgagees, the suit was not barred by laches, it not being shown that the third mortgagee had suffered by the delay.

6.  It appearing that the third mortgagee's position was the same as when his security was taken, and that no third party would be injured by the subrogation, plaintiff was entitled to the relief sought.

(Opinion filed April 1, 1902.)

Appeal from circuit court, Sanborn county. HON. FRANK B. SMITH, Judge.

Suit by the Home Investment Company against George Clarson and another. From a decree for plaintiff, defendant the McCormick Harvesting Machine Company, appeals. Affirmed.

*R. W. Parliman,* for appellant.

*N. B. Reed,* for respondent.

CORSON, J. This is an appeal from an order overruling the demurrer to the complaint, and the only question to be determined is, does the complaint state facts sufficient to entitle plaintiff to the relief demanded? which is, in effect, that it be subrogated to the rights of the mortgagees in two certain mortgages. It is alleged in the complaint, in substance, that on or about the 1st day of August, 1886, the defendant, George C. Clarson made and executed to the American Bank and Trust Company one promissory note for the sum of $500, payable on July 1, 1891, and to secure the payment of the same he executed a mortgage to the said trust company on 120

acres of land situated in Sanborn county, which mortgage contained the usual conditions, and was duly acknowledged and recorded; that the defendant Clarson on or about the 24th day of August, 1886, executed and delivered to one Rowley his certain other promissory note for the sum of $100, payable in installments of $10 each, and to secure the payment of said note and interest the said Clarson executed a second mortgage upon the property containing the usual conditions, and which was acknowledged and recorded; that in June, 1889, the said Clarson executed and delivered to the defendant Mc-Cormick Harvesting Machine Company his note for the sum of $175, and to secure the same executed a third mortgage upon the said premises, containing the usual conditions, and which was duly acknowledged and recorded. The plaintiff further alleges that, the said Clarson having failed to pay the interest or principal upon the second mortgage executed to said Rowley, said Rowley proceeded to foreclose the same by action, and the said American Bank and Trust Company, first mortgagee, and the said McCormick Harvesting Machine Company, the third mortgagee, were made defendants in that action; that such proceedings were had in said action that a judgment of foreclosure was rendered thereon the 8th day of May, 1891, directing a sale by foreclosure of the said premises to satisfy the said note and mortgage then owned by the said Rowley, and in pursuance of said decree the property was advertised for sale, and was sold by the sheriff of Sanborn county, and that the same was bid in by this plaintiff for the sum of $132,11, which said sum was duly paid to the said sheriff, who executed to this plaintiff a certificate of sale to the same, and that subsequently, on July 13, 1892, the plaintiff received from the said sheriff a deed of said property in the usual form; that when the plaintiff made the said purchase at said sheriff's sale it supposed that the said McCormick

Harvesting Machine Company had been duly served with summons in said foreclosure action, and that the proceedings foreclosing said second mortgage were all regular and legal, and thereupon to protect its interest in said land, on August 3, 1891, it procured from one Anna Phelps, the legal holder of the first mortgage, hereinbefore mentioned, and which mortgage was a prior and superior lien, a duly executed release of said mortgage and the note secured by said superior lien, which was past due; that the plaintiff paid the said Anna Phelps for said release the sum of $570, which was the amount of principal and interest due upon the same; that on July 18, 1892, it caused the said release to be recorded. The plaintiff further alleges that he secured the said release of the first mortgage, and caused the same to be recorded, under the mistake of fact that the McCormick Harvesting Machine Company had been duly served with process, and that its lien had been extinguished by the foreclosure proceedings and its failure to redeem within the time prescribed by law. It is further alleged that the defendant Clarson, the mortgagor in each of said mortgages, departed from this country some ten years ago, being at the time insolvent. It is further alleged that the plaintiff has paid the taxes upon the said property since the year 1892, and that it acted in good faith in procuring the release of the said first mortgage and in purchasing the property at the foreclosure sale of said second mortgage. Plaintiff now asks to be subrogated to the rights of the mortgagees in the first and second Mortgages, and that the first and second mortgages may be declared to be valid and subsisting liens as against the mortgage of the McCormick Harvesting Machine Company.

The appellant in support of the demurrer to the complaint, contends: "(1) That respondent, when it purchased the premises at public auction, was an entire stranger to the whole matter; (2)

that there was no mistake of fact on its part; (3) that, for aught the complaint discloses, the respondent has its remedy at law; (4) that the respondent has been guilty of laches; (5) that the complaint does not allege that George C. Clarson was the owner of the mortgaged premises."

It is true that the plaintiff and respondent, at the time it appeared at the sale and purchased said property, was an entire stranger, but it did what it had a perfect right to do—purchased the property at the sale—and relied upon the regularity of the foreclosure proceedings as a protection to it in its purchase; and it ought not to suffer loss by reason of defects in the foreclosure proceedings, of which it had no actual notice, as against a party holding the subsequent lien, and whose rights remain unchanged.

The contention of the appellant that there was no mistake of fact is not sustained by the pleadings. It is distinctly stated in the complaint that the plaintiff believed and acted upon the belief that the summons had been duly served upon the McCormick Harvesting Machine Company. This is a mistake of fact, as it had not been served upon that company.

The further contention of the appellant that, for aught the complaint discloses, the plaintiff has a remedy at law, is clearly untenable. The complaint alleges that the defendant Clarson left the country, insolvent, and we are therefore unable to see upon what theory the plaintiff could maintain an action at law by which it could be protected. The contention that it is not alleged in the complaint that the defendant Clarson was the owner of said property it not tenable, as it is alleged that he executed the mortgages, and, as all the parties claim under these mortgages, it will be presumed, for the purpose of this decision, that he was the owner of the premises.

There is some force in the contention that the plaintiff was guil-

ty of laches in not sooner bringing this action, but, so far as the record discloses, the McCormick Harvesting Machine Company has lost no rights and suffered no injury by the delay. The doctrine of subrogation is a favorite one of equity, and courts of equity, so far as consistent with the rights of other parties, will protect a party from loss who has, through mistake or inadvertence, released or canceled securities that should have been kept alive for his protection. Kalscheuer v. Upton, 6 Dak. 449, 43 N. W. 816; Upton v. Hugos, 7 S. D. 476, 64 N. W. 523; Bank v. Brock, 13 S. D. 409, 83 N. W. 436; Ricker v. Stott, 13 S. D. 298, 83 N. W. 47. The doctrine of subrogation has been so fully discussed in the decisions cited that a further discussion seems unnecessary. The doctrine rests on the broad basis of equity, and is resorted to for the purpose of doing justice between the parties. The plaintiff, therefore, having by mistake or inadvertence procured the release of a mortgage that should, for its protection, have been kept in force, is clearly entitled to have the same restored of record, and also to have the second mortgage, the foreclosure of which is practically invalid, restored, it appearing, as before stated, that the position of the McCormick Harvesting Machine Company is identically the same that it was when it accepted its mortgage, namely, holding a lien subsequent to and subject to the lien of the two prior mortgages. So far as it appears from the complaint, no third party will sustain any injury by reason of the proposed subrogation.

The court was therefore clearly right in overruling the demurrer, and the order overruling the same is affirmed.