## MacGregor v. Pierce *et al.*

1. Under Comp. Laws 1887, § 5090, providing that a party intending to move for a new trial must serve on the adverse party a notice of his intention, designating the statutory grounds of the motion, etc., the notice of intention is a prerequisite.

2. Where, on appeal, it affirmatively appears that no notice of intention to move for a new trial was given, and the motion therefor was made and overruled on the same day, and there is nothing in the record to indicate service of the motion on opposing counsel, or their presence at the hearing, a waiver of notice of intention cannot be presumed,

3. Where, by reason of failure to give notice of intention to move for a new trial, the court below was without authority to entertain the motion therefor, the legal status of an appeal is that of one from the judgment alone.

4. Where the duly. recorded certificates of redemptions issued by the sheriff to redemptioners recite that all the proof necessary to entitle them to redeem was furnished, and the sheriff, after showing diligent search, and loss or destruction of many papers, testifies that he was satisfied that a proper showing of the right to redeem was made, and he is corroborated in this by the attorney for the redemptioners, the evidence, after the lapse of several years, and as against a prior incumbrancer, who was guilty of laches, shows a sufficient compliance with the formalities prescribed by statute for redemption.

5. By accepting and retaining the full amount of redemption money, the purchasers at judicial sale waive legal defects in the redemption procedure.

6. An incumbrancer who does not attempt to redeem from an unquestioned sale under a prior mortgage cannot challenge the regularity of a redemption therefrom by a junior incumbrancer.

7. An incumbrancer is not prejudiced by the fact that a sheriff's deed under a prior mortgage foreclosure is made to a junior incumbrancer as redemptioner, instead of to the prior mortgagee as purchaser.

8. Comp. Laws 1887, §§ 5150, 5151, give creditors having subsequent liens by judgment or mortgage the right to redeem from a mortgage foreclosure. Section 5152 provides that the property may be again, and as often as a redemptioner is so disposed, redeemed from any previous redemption. Section 5154 provides that, if no redemption is made within a year, the purchaser is entitled to a conveyance, or, if so redeemed, whenever 60 days have elapsed, and no other redemption has been made, the last redemptioner or his assignee shall have a deed; but in all cases the judgment debtor shall have an entire year in which to redeem. Section 4339 gives to one having an inferior lien a right to redeem, and to be subrogated to all the benefits of a superior lien, upon satisfying the claim secured thereby. Section 5155 provides that when the debtor or his successor in interest redeems, the effect of the sale is terminated, and he is restored to his estate. Held, that on redemption by a junior execution creditor from the foreclosure of a

prior mortgage he still retained his character of execution creditor, and, in addition, of one subrogated to the prior mortgage.

9.  A possible redemptioner, who remains inactive during the entire period of redemption, and permits an actual redemptioner to receive a sheriff's deed, thereby loses his right of redemption.

10.  A redemptioner is not bound by a secret oral agreement by which his redemptionee has promised to pay an intermediate lien.

(Opinion filed June 3, 1903.)

Appeal from circuit court, Yankton county. Hon. E. G. Smith, Judge.

Action by John Angier MacGregor against John T. M. Pierce and wife and Orr McCausland. From a judgment for McCausland, the other parties appeal. Affirmed.

*C. J. B. Harris*, for appellants.

*French & Orvis*, for respondent.

Fuller, J.   At the trial of this action to foreclose a real estate mortgage the fee simple title, by virtue of a sheriff's deed, was found to be in the defendant McCausland, and from a judgment accordingly entered, and an order denying a new trial, plaintiff, MacGregor, and the defendants Pierce appeal.

Before passing to the merits of the case, it is deemed necessary to determine the effect of appellants' failure to serve a notice of intention to move for a new trial upon the adverse party. Section 5090 of the Compiled Laws of 1887 provided that: "The party intending to move for a new trial must, within twenty days after the verdict of the jury, if the action were tried by a jury, or after notice of the decision of the court, if the action were tried without a jury, serve upon the adverse party a notice of his intention, designating the statutory grounds upon which the motion will be made and whether the

same will be made upon affidavits, or the minutes of the court, or a bill of exceptions, or a statement of the case." To apprise adverse counsel of the grounds that will be relied upon at the hearing of a motion for a new trial is the purpose of such procedure, and in First National Bank of Pierre v. Comfort, 4 Dak. 173, 28 N. W. 857, it is stated that: "The object being to give the opposite party time to prepare for the motion, the notice of intention must be given before the court can entertain the motion for a new trial." That, unless waived, there must be a notice of intention to move for a new trial, and that the statutory grounds relied upon must be designated therein, is very apparent from the case of Moddie v. Breiland, 9 S. D. 506, 70 N. W. 637, in which it is said: "The party intending to move for a new trial must serve upon the adverse party a notice of his intention, designating the statutory grounds upon which the motion will be made." When as in this case, it affirmatively appears that there was no notice of intention, and that the motion for a new trial was made and overruled on the same day, and there is nothing in the authenticated record to indicate service of such motion upon opposing counsel, or their presence at the hearing, a waiver, as contended for by counsel for appellants, cannot be inferred. In construing a similar provision of the California Code in Hayne on New Trial and Appeal, at page 14 the author states, "Under the statute the notice of intention is the initiation and foundation of the proceedings to obtain a new trial." There being no notice of intention, the court below was without authority to entertain the motion for a new trial, and the legal status of the case is that of an appeal from the judgment alone. Calderwood v. Brooks, 28 Cal. 151; Gregg v. Garrett, 13 Mont 10, 31 Pac. 721.

As the judgment roll, containing, for the purposes of the appeal, a statement of the case, remains for consideration, errors of law occurring at the trial may be reviewed upon exceptions there preserved. Jones Lumber & Mer. Co. v. Faris, Sheriff 6 S. D. 113, 60 N. W. 403, 55 Am. St. Rep. 814; Le Claire v. Wells, 7 S. D. 426, 64 N. W. 519; McCormick Harv. Mach. Co. v. Woulph, 11 S. D. 252, 76 N. W. 939; McCarthy v. Speed et al., 12 S. D. 7, 80 N. W. 135, 50 L. R. A. 184. The facts either admitted or fairly established by the evidence may be stated thus: On the 1st day of December, 1888, Anna W. Pierce, being the fee-simple owner of the premises in dispute, gave G. W. Roberts a purchase-money mortgage thereon to secure the payment of $2,500, and 18 days later conveyed the property by warranty deed to her husband, who had joined her in the execution of such mortgage. On the 25th day of November, 1892, the husband and wife borrowed $2,500 of John MacGregor, the father of appellant Anna W. Pierce, and to secure the payment thereof executed the mortgage here sought to be foreclosed, and which, as a gift, the father duly assigned to his son, the appellant John Angier MacGregor, on the 16th day of March, 1896. On the 12th day of April, 1895, while this second mortgage remained wholly unsatisfied, Roberts regularly foreclosed his mortgage by virtue of a power of sale therein contained, and became the purchaser at $2,236.52. With full knowledge of the amount necessary to redeem from this foreclosure sale and the existence of appellants' mortgage, A. T. Nation, the assignee of Samuel Kaye, a judgment creditor of appellant John T. M. Pierce, caused the premises to be sold at sheriff's sale on the 19th day of September, 1895, and, being the purchaser thereof for $120, the sheriff executed and

delivered to Nation a certificate of sale in the usual form. In an action wherein respondent McCausland was plaintiff and John T. M. Pierce defendant, an attachment was levied upon the premises on the 20th day of November, 1894, and this action was prosecuted to a judgment for $4,462.17, which was duly entered on the 28th day of April, 1895. On the 11th day of April, 1896—one day before the expiration of the year for redemption under the foreclosure proceedings of the Roberts mortgage—A. T. Nation, relying upon the subsequent lien of his judgment, redeemed from such foreclosure,' and paid the sheriff $2,504.90, which amount Roberts received and retained in full satisfaction of his claim. On the 25th day of May, 1896, respondent McCausland, with actual notice of what steps had been taken, and relying upon the lien of his judgment, redeemed from the Roberts foreclosure sale, and paid the sheriff, for A. T. Nation, $2,672.30, which sum included the amount paid by Nation in order to redeem from such sale and the $120 paid by him at the execution sale, together with statutory interest on the respective amounts; and the sheriff thereupon executed to McCausland a certificate of redemption, which, on the 27th day of July, 1896, ripened into the sheriff's deed upon which he now relies. Neither of the appellants redeemed or attempted to redeem from the Roberts mortgage foreclosure sale, nor have they offered to pay respondent the amount paid by him to the sheriff as redemption money, which was accepted and retained by A. T. Nation in full satisfaction of every demand. When the premises were sold by virtue of the execution based upon the Nation judgment, and when the respective redemptions from the Roberts foreclosure sale were made and at the time respondent obtained his sheriff's deed, the property was

of the reasonable value of $5,500.. Such of the remaining facts as may be considered material will be mentioned in connection with the questions of law to be determined.

Appellants' counsel contends that the sheriff's deed upon which respondent relies is void for the reason that the statute was not complied with in making either redemption and that Nation, by redeeming from the Roberts foreclosure sale, extinguished such prior lien. However, it is expressly conceded on the same page of his brief that respondent's redemption from Nation's execution sale is entirely regular, and that by virtue of the sheriff's deed he became the owner of the premises in controversy, subject to the MacGregor mortgage, made the basis of this action. While these assertions concerning the legal effect of the deed are clearly at variance, and the evidence is ample to sustain the findings of the court to the effect that a sufficient showing was made in each instance to justify redemption, we will proceed to determine whether the testimony admitted concerning the steps taken is of a character justified by the law of evidence and meets the requirements of the statute. The duly recorded certificate of redemption issued by the sheriff to Mr. Nation, as well as the one issued to respondent, recites, in substance, that the redemptioner furnished all the proof necessary to entitle him to redeem, and such officer, after showing diligent search, and the loss or destruction of many papers accumulated during the time essential to this case, was permitted to testify to the effect that he was satisfied that a proper showing was made as to the right of each of these parties to redeem. In this he was fully corroborated by Mr. French, the attorney who represented Mr. Nation as well as respondent in all matters pertaining to both redemptions, and

the undisputed testimony of these two witnesses, when con-
sidered with the legal presumption that the sheriff properly
performed his official duty, is, after the lapse of several years,
and as against these appellants, sufficient to show a substantial
compliance with the statute. Not being in a position to ques-
tion these redemptions, the regularity of which is established
by other competent proof, appellants could not be injured by
the oral testimony of these witnesses, though they stated no
more than conclusions.

It being expressly admitted upon the record that respond-
ent made a good redemption from the execution sale of Septem-
ber 19, 1895, at which Nation became the purchaser, and that
he is the owner of the land in controversy, subject to the Mac-
Gregor mortgage, it seems only necessary to determine the
legal effect of his concurrent redemption from the Roberts
foreclosure sale, established by precisely the same character
of testimony. Roberts and Nation, from whose respective
sales respondent redeemed within the statutory period, waived
all legal defects, if any there were in the procedure, by ac-
cepting and retaining the full amount of redemption money,
and appellants, who never attempted to redeem from the un-
questioned sale under the foreclosure of Robe.ts' senior mort-
gage, are not in possession to challenge the regularity of such
redemption. McDonald v. Beatty, 10 N. D. 511, 88 N. W. 281;
Hervey v. Krost (Ind. Sup.) 19 N. E. 125; Blair et al. v.
Chamblin et al., 39 Ill. 521 89 Am. Dec. 322; Carver et al. v.
Howard, 92 Ind. 173; Pearson v. Pearson (Ill.) 23 N. E. 418.
Appellants are in no manner prejudiced by the fact that the
sheriff's deed was made to respondent as a redemptioner, in-
stead of Roberts, the prior mortgagee, purchasing at his own

foreclosure sale, from which either of the appellants might have redeemed at any time within the period applicable to a mortgagor or creditor having a subsequent lien by mortgage.

The principal contention of counsel for appellants seem to be that the redemption by Nation and the procurement of the sheriff's certificate of sale on the 19th day of September, 1895, operated to make him the successor in interest of Pierce, the mortgagor, and therefore the owner of the property, subject to the lien of appellants' junior mortgage. Section 5150 of the Compiled Laws of 1887 makes a creditor having a subsequent judgment or mortgage lien a redemptioner, and provides that he may redeem property sold subject to redemption. Section 5151 states the legal requisites of a proper redemption by the judgment debtor, and section 5152 relates to successive redemptions by redemptioners, and provides that "the property may be again, and as often as a redemptioner is so disposed, redeemed from any previous redemptiioner." Section 5154 is as follows: "If no redemption be made within one year after the sale, the purchaser or his assignee is entitled to a conveyance; or, if so redeemed, whenever sixty days have elapsed and no other redemption has been made, and notice thereof given, and the time for redemption has expired, the last redemptioner, or his assignee, is entitled to a sheriff's deed; but in all cases the judgment debtor shall have the entire period of one year from the date of the sale to redeem the property." In the plainest terms section 4339 gives to one having a lien inferior to another the right to redeem, and "to be subrogated to all the benefits of the superior lien when necessary for the protection of his interest, upon satisfying the claim secured thereby." Section 5421, relating to the foreclosure of mortgages on real

property, expressly gives creditors having subsequent liens by judgment or mortgage the right to redeem, and section 5423 requires the execution of a deed to the original purchaser, or any person who may have acquired the interest of such purchaser by redemption or otherwise. It is only when the debtor or his successor in interest redeems that "the effect of the sale is terminated and he is restored to his estate." Comp. Laws 1887, § 5155. By virtue of his judgment, A. T. Nation continued to be a creditor of appellant John T. M. Pierce, after receiving the sheriff's certificate pursuant to the execution sale of September 19, 1895, and by redeeming from the prior mortgage foreclosure sale on the 11th day of April, 1896, he was subrogated to all the rights possessed by Roberts, including the right to a sheriff's deed, provided no further redemptions were made within the statutory period.

After a judicial sale in this state, the legal title remains in the mortgagor or judgment debtor until a deed is executed to the purchaser or redemptioner, and the certificate of sale constitutes but a lien in the nature of an equitable estate. Wood v. Conrad, 2 S. D. 405, 50 N. W. 903; Home Investment Co. v. Clarson, 15 S. D. 513, 90 N. W. 153. The debtor, John T. M. Pierce, in whom the legal title was vested, and MacGregor, as a creditor, having a subsequent mortgage lien, had the right to redeem at any time within a year from the Roberts' foreclosure sale and for 60 days after the redemption by respondents; but they lost that right by remaining inactive during the entire period, and by allowing respondent to take the sheriff's deed to which he was entitled.

The view of counsel for appellants as to the legal status of a redemptioner from the original purchaser at a foreclosure

sale is inconsistent with the protective purpose of the statute creating the redemption right, and there is no merit in the claim that respondent is bound by a secret oral agreement between Nation and MacGregor to the effect that the former would pay the claim of the latter.

Finding in the record no error of law, the judgment appealed from is affirmed.