. HOME INV. CO. v. CLARSON et al.

Though the trial court cannot infer facts not proved, it is at liberty to draw all the inferences which logically and naturally follow from proven facts.

In a suit by the purchaser at a second mortgage sale to be subrogated to the rights of the first and second mortgagees, the facts **held**

to warrant a finding that, when plaintiff paid the first mortgage and filed a release, he did not know that no service of summons had been had on the third mortgage, or that such fact was recited in the decree foreclosing the second mortgage.

A decree foreclosing a second mortgage recited that the third mortgagee was not served with summons, but the purchaser at the sale, not knowing of the recital or the failure to serve the third mortgagee, paid the first mortgage and filed a release. In the meantime the third mortgagee foreclosed by advertisement and obtained a certificate of sale. **Held,** that the purchaser at the second mortgage sale had acted under a mistake of fact, and was entitled to have the first and second mortgage restored of record and to be subrogated to the rights of the first and second mortgagees.

Under Rev. Civ. Code, § 2035, giving an inferior lienor a right to redeem as the owner might from a superior lien, where the purchaser at a second mortgage sale, not knowing that the third mortgagee had not been served with summons and that such fact was recited in the foreclosure decree, paid the first mortgage and filed a release, in a subsequent suit by him to have the first and second mortgages restored of record and to be subrogated to the rights of the first and second mortgagees, and for foreclosure it was proper on a judgment for him, to allow him interest from the date of the foreclosure sale and release of the first mortgage, as the third mortgagee might have redeemed at any time.

(Opinion filed, October 30, 1906.)

Appeal from Circuit Court, Sanborn County. Hon. FRANK B. SMITH, Judge.

Action by the Home Investment Company against George C. Clarson and the McCormick Harvesting Machine Company. Judgment in favor of plaintiff, and the latter defendant appeals. Affirmed.

*Bates & Parliman,* for appellant.

It was incumbent on the plaintiff not only to allege but also to prove that it purchased the premises and caused the first mortgage to be released on account of a mistake of fact. This being the case, equity will not grant the relief prayed for in this action, and thus relieve the respondent from the consequences of its own acts. Story on Equity Jurisprudence, 12 Ed., secs. 121-138; Jones on Mortgages, 5th Ed., sec. 967; Garwood v. Admrs. of Eldridge, 2 N. J. Eq., 145; Bently v. Whittemore, 18 Id. 366; Hampton v. Nicholson, 23 Id. 423; Champlin v. Laytin, 18 Wend. 407; Lyon v. Richmond, 2 Johnson, Ch. 51; Campbell v. Carter, 14 Ill., 285;

New Eng. Mtg. Security Co. v. Hirsch, 11 So. Rep. 63; Working-man's etc. Ass'n v. Williams, 37 S. W. 1019; Peters v. Florence, 38 Pa., 194; Railroad Co. v. Soutter, 13 Wall, 517; Gerrish v. Bragg, 55 Vt., 329; Boggs v. Hargrave, 16 Cal. 560: Branham v. Mayor, etc., 24 Cal. 585. The respondent was bound to take notice of the judgment under which it purchased the premises; and if it failed to examine the judgment and ascertain its contents, it was guilty of culpable negligence and consequently is not entitled to relief in equity. Story on Equity Jurisprudence, sec. 146; Farrell v. Bouck, 84 N. W. 260; Conner v. Welsh, 8 Id. 907; Cumberland, etc., Ass'n v. McMullen, 54 S. W. 63; Atkisson v. Plumb, 58 L. R. A. 788; Haggerty v. McCanna, 25 N. J. Eq. 48; Rice v. Winters, 63 N. W. 830; Mamlock v. Fairbanks, 46 Wis. 415; Campbell v. Carter, 14 Ill. Opin. 291; Dambmann v. Schulting, 75 N. Y., 55; 16 Am. & Eng. Ency. of Law, pp. 792. Where the demand is of an equitable nature, or the bar of the statute is inapplicable, courts of equity will not entertain stale or antiquated demands, nor encourage laches or negligence. Bruen v. Hone, 2 Barb. 595; Ray v. Bogart, 2 Johns cas., 432; Kingsland v. Robert, 2 Paige 193; Kane v. Bloodgood, 7 Johns Ch., 93; Huton v. Davies, 2 Rep. Cas. Ch., 44; John v. Turner, 2 Vern, 418; Bean v. Tonnele, 94 N. Y. 381.

*N. B. Reed,* for respondent.

When respondent became the equitable owner of this second mortgage, there was outstanding the prior lien of the first mortgage which was then due. To protect the lien of the second mortgage, the respondent had the right to pay it off and be subrogated thereto. C. L. Sec. 4339. Appellant has waived all right to claim a defect of parties, by not moving the court on that question, as soon as the evidence disclosed the fact that Sauter had a warranty deed from respondent, or by pleading the defect in his answer. Sykes v. First National Bank, 2 S. D. 242; Mather v. Dunn, et al, 11 S. D., 196. It is not every person who can take advantage of a defect in an acknowledgment. No one but a subsequent purchaser or creditor without notice can object to the acknowledgment. 1 Cyc. Page 528. Citing Moore v. Little Rock, 42 Ark. 66; Westt-

hafer v. Patterson, 120 Ind. 459; 22 N. 414; Mastin v. Halley, 61 Mo. 196; Bishop v. Schneider, 46 Mo. 472.

HANEY, J.  The facts constituting the plaintiff's alleged cause of action are set forth in the former decision of this court on appeal from an order overruling a demurrer to the complaint.  Home Inv. Co. v. Clarson, 15 S. D. 513, 90 N. W. 153.  They may be summarized thus: Defendant Clarson executed three real estate mortgages upon the same premises, each of which was recorded in the order of its execution.  The second having been foreclosed by action, the premises were purchased by the plaintiff in this action, who in due time obtained a sheriff's deed, and, supposing the rights of the defendant machine company, the third mortgagee, had been foreclosed, it paid the amount of the first mortgage and caused the same to be released of record.  In the meantime the machine company foreclosed its mortgage by advertisement and obtained a sheriff's certificate of sale.  Upon the facts then presented it was held that the plaintiff was entitled to have the first and second mortgages restored of record and to be subrogated to the rights of the first and second mortgagees.  The learned circuit court, having found the facts to be substantially as alleged in the complaint, rendered judgment for the plaintiff, denied the machine company's motion for a new trial, and this appeal was taken.

It is contended that the evidence is insufficient to sustain the finding to the effect that the plaintiff caused the release of the first mortgage through a mistake of fact regarding service of summons upon the machine company in the action foreclosing the second mortgage.  Edwin S. Rowley, the second mortgagee, testified: "I turned them [the second mortgage and note secured thereby] over to R. A. Moses, of Woonsocket, S. D., my attorney, and directed him to commence proceedings to foreclose the mortgage and have the land sold to satisfy the amount due. * * * I gave directions that the land be bid in the name of the Home Investment Company, of which company I was president.  I supposed the foreclosure proceedings all regular and that the McCormick Harvesting Machine Company had been foreclosed of all its interests. * * * I would not have bid in the land at the foreclosure sale, and would

not have procured the release from Anna Phelps [holder of first mortgage] and would not have filed the release of record had I not supposed and believed that the foreclosure proceedings under my own mortgage were regular, and the interests of the McCormick Harvesting Machine Company were fully foreclosed." The machine company was named as a party defendant, but the decree of foreclosure contained this recital: "And that said defendant, the McCormick Harvesting Machine Company was not served with summons in this action." Mistake may not only be expressly established but it may be inferred from circumstances and from the nature of the transaction. Though the court cannot infer facts not proved it is at liberty to draw all the inferences which logically and naturally follow from proven facts. Geib v. Reynolds, 35 Minn. 331, 28 N. W. 923. Rowley's uncontradicted testimony is consistent with his conduct. The only reasonable inference is that he did not know what the decree disclosed; otherwise, he would not have released the first mortgage. This was a mistake of fact, not of law. But appellant insists that plaintiff was charged with notice of what the decree contained and that the mistake resulted from its own want of care. Ordinarily a party will not be given relief against a mistake induced by his own negligence, especially where others may be prejudicially affected; but the degree of carelessness which will prevent relief is stated in varying terms and depends largely upon the circumstances of the case. 16 Cyc. 69. So the fact that a mortgage was released in ignorance of the existence of an intervening lien is deemed such a mistake of fact as to entitle the party to relief, although such intervening lien was of record at the time. Geib v. Reynolds, supra; Bruse v. Nelson, 35 Iowa, 157; Upton v. Hugos, 7 S. D. 476, 64 N. W. 523; Ricker v. Stott, 13 S. D. 208, 83 N. W. 47. This is equitable, because the position of the junior lien holder remains as it was when his lien was acquired, and he should not be permitted to profit by the mere mistake or inadvertence of another. The doctrine is applicable to the case at bar. "Where the reason is the same the rule should be the same." Rev. Civ. Code, § 2410. With the first and second mortgages restored, the appellant's position will be the same as it was when its lien was acquired and certificate of sale obtained. The plaintiff was not

more negligent in failing to ascertain the recitals of the fore-
closure judgment before releasing the first mortgage than is a
mortgagee who releases his lean without ascertaining what inter-
vening liens are of record.   One is charged with notice to the same
extent as the other.   Moreover the interest acquired by the certifi-
case of sale was subject to the lien of the two prior mortgages and
the forecosure of the second mortgage left nothing to the appellant
except its right of redemption, which is properly foreclosed by the
decree in this action.

The contention that the plaintiff should not have been allowed
interest from the date of the foreclosure sale and release of the
first mortgage is untenable, because the appellant might have re-
deemed at any time and thus have prevented the accumulation of
interest and costs.   Rev. Civ. Code, § 2035.   The contention that
the plaintiff was guilty of laches was determined against the de-
fendant on the former appeal.   Home Inv. Co. v. Clarson, supra.

There being no other alleged errors which merit consideration,
the judgment of the circuit court is affirmed.

CORSON, J., not sitting.