TRAXINGER v. MINNEAPOLIS, ST. P. & S. S. M. RY. CO.

Under Code Civ. Proc. § 304, authorizing the trial court, in which the action is pending, on its own motion to set aside a verdict and grant a new trial where the jury disregarded instructions, etc., the trial court could not vacate a verdict after the lapse of nine months.

Under Code Civ. Proc. § 303, requiring the party intending to

move for a new trial, within 20 days after verdict, to serve upon the adverse party a notice of his intention, designating the statutory grounds upon which the motion will be made, and whether it is to be made upon exceptions, etc., where no such notice was served, it was error to grant a new trial.

Under Code Civ. Proc. § 301, subd. 7, authorizing a new trial for error in law excepted to by the applicant, one cannot move for a new trial on the ground of erroneous instructions to which he did not except at trial.

Even if a party took all of the steps otherwise necessary to entitle him to move for a new trial, if he advised the court that he thought the verdict just and that it was satisfactory to him, he could not move for a new trial, even if there had been error apparently prejudicial to him, especially if the other party resisted the motion.

Where defendant resisted a motion for new trial by plaintiff after verdict for plaintiff, and duly excepted to the order granting it, defendant thereby lost any right it otherwise had to a new trial.

(Opinion filed, April 6, 1909.)

Appeal from Circuit Court, Campbell County. Hon. LORING E. GAFFY, Judge.

Action by Jakob Traxinger against the Minneapolis, St. Paul & Sault Ste. Marie Railway Company. From an order granting a new trial, defendant appeals. Reversed.

*Taubman, Williamson & Herreid,* for appellant.

The court had no power or authority after the lapse of nine months to grant a new trial in this case on his own motion. Parrott v. City of Hot Springs, 9 S. D. 202; Clement v. Barnes, 6 S. D. 483. No notice of intention to move for a new trial was ever served in this case. A notice of intention is a prerequisite. It is necessary to serve a notice of intention in the manner provided by law, in order to give the court jurisdiction to entertain the motion. MacGregor v. Pierce, 17 S. D. 51. Plaintiff had no specifications that the verdict was contrary to the evidence in any respect. There was nothing before the court on June 28, 1906, upon which the court could base an order granting a motion for a new trial, and it was an unwarranted abuse of discretion to grant plaintiff's motion and order a new trial in this action. Wenke v. Hall, 17 S. D. 305; Wheaton v. Ins. Co., 20 S. D. 62, 104 N. W. 850.

*Frank Alexander* and *John H. Perry,* for respondent.

The motion on which the court made order is in effect a confession of the exception set forth in the amended abstract and

a confession of the error committed by the court. The trial court has as much power to correct errors as an appellant court would have. Weber v. Kirkendall, 63 N. W. 35.

WHITING, J. This cause comes before this court upon an appeal from the order of the circuit court granting plaintiff's motion for vacation of the verdict of the jury and for an order for new trial.

The facts as shown by the record certainly show an anomalous situation, and we doubt if a parallel case could be found. The plaintiff sued for and recovered damages in the trial court. It is admitted by the record that there were errors during the trial, which errors were prejudicial to the defendant. One of said errors, and being the only one in any way preserved in the record, was an instruction given by the trial court to the jury, which instruction was properly excepted to by the defense. It is not claimed by the plaintiff that there was any error whatever committed during the course of the trial which was prejudicial to the plaintiff, and it does not appear that any exceptions were taken throughout the trial by the plaintiff or after the trial to any instructions given the jury. No judgment has ever been entered upon the verdict, which verdict was rendered in October, 1905. The defendant took steps for the obtaining of a bill of exceptions, and in December, 1905, a bill prepared by the defense was duly settled, but the defendant never at any other time took any steps looking to an order to procure a new trial of said case. Before the defendant had even served its proposed bill of exceptions, it would seem that the plaintiff, laboring under the belief that the defense intended to move for a new trial, and undoubtedly believing that the defense were entitled to such new trial, served on the defendant a written consent that the verdict be vacated and a new trial granted. The defendant having taken no steps to procure any order for new trial prior to the 18th day of June, 1906, which was some nine months after the trial, the plaintiff on that date served on defendant's attorneys the following motion and notice, omitting the title and the names of the attorneys: "Take notice: That the said plaintiff moves the court to set aside the verdict in the above

cause, and to grant a new trial of said cause by reason of error in the instructions of the court. Said motion will be made on the papers served in said cause. That said motion will be brought on for argument before said court at the courthouse in Faulkton, in said circuit, on Thursday, the 28th day of June, 1906," etc. Service of this notice was admitted, and on the return day the defendant filed an affidavit showing: That neither the plaintiff nor the defendant had ever served a notice of intention to move for new trial; nor had the plaintiff ever in any manner prior to June 18, 1906, advised the defendant of any intention to move for new trial; that no papers had ever been served specifying any grounds upon which plaintiff would apply for new trial; that no specifications of error or of insufficiency of evidence had ever been served by plaintiff; and that no notice in any manner had been given reciting the grounds upon which application to set aside the verdict and have a new trial would be made. On the return day the court made an order vacating the verdict and granting a new trial, but in no manner designating the grounds for such order. The defendant duly excepted to said order, and such exception was allowed. The defendant then perfected this appeal from said order. Upon this appeal the plaintiff and respondent in his brief makes the following statements: "Respondent was not aggrieved by the verdict. Hence he took no exception, nor did he serve notice of intention to move for new trial. Such practice would be unheard of in cases where the prevailing party obtained the decision. But there being errors in the record which plaintiff was willing to confess—errors which the other side could take advantage of—hence said motion, in order to avoid delay and judgment for costs on appeal." And also in said brief we find the following: "In case this order is set aside by the Supreme Court and plaintiff compelled to enter judgment, then an appeal from that judgment will follow, and the results will be costs against respondent on both appeals. Respondent has always been ready and willing to accept the amount of said verdict and the costs in the case."

It is clear that the trial court had no authority to vacate the verdict, under section 304, Code Civ. Proc., after the lapse of nine months. Parrott v. City of Hot Springs, 9 S. D. 202, 68 N. W.

329; Clement v. Barnes, 6 S. D. 483, 61 N. W. 1126. It is also clear that under the decisions of this and other courts the plaintiff had not taken steps necessary to give to the trial court authority to grant said motion for the reason that the plaintiff had failed to comply with section 303, Code Civ. Proc. MacGregor v. Pierce, 17 S. D. 51, 95 N. W. 281; Gregg v. Garrett, 13 Mont. 10, 31 Pac. 721; Gould v. Duluth Elevator Co., 2 N. D. 216, 50 N. W. 969.

As above mentioned, the only error claimed by plaintiff was an instruction which appears in the record, and which it is admitted was favorable to the plaintiff and clearly prejudicial to the rights of the defendant. The only attempt anywhere at a specification of error is the recitation in the notice of motion that said new trial would be asked for "by reason of error in the instructions of the court." It is therefore apparent that if proper notice of intention to move for new trial had been served, and other steps properly taken, including a clear specification of the error relied upon, the only error relied upon would have been an error favorable to the plaintiff, and which it is admitted that plaintiff never reserved an exception to. And as subdivision 7 of section 301 is the only subdvision under which it could be claimed that plaintiff was moving, it is clear that plaintiff would not have been entitled to a new trial, as under this subdivision it is only errors excepted to by the party making the application for new trial upon which such party can rely.

For the reasons hereinbefore stated, the trial court had no right or authority under the statute to grant the motion for new trial; but, regardless of all questions hereinbefore considered, such order should not have been made. If this had been a case where there had been error during the course of the trial apparently prejudicial to the plaintiff and duly excepted to, and the plaintiff had properly preserved the exceptions in the bill of exceptions duly settled containing proper specifications of errors, and plaintiff had given notice of intention to move for new trial, and afterwards had duly moved for such new trial, clearly specifying at the time in so far as necessary the grounds for such motion, and at the same time had come into court and in open court or in writing had ad-

vised the court that the plaintiff thought the verdict was in all respects just and that the same was satisfactory, we do not believe the trial court would have been justified in granting a new trial, and certainly not against the objections of the defense. There is certainly nothing in the claim of the plaintiff that if this order for new trial is reversed, and plaintiff enters up judgment, the defendant will then perfect an appeal. When the defendant appeared in the lower court and resisted the motion for a new trial and duly excepted to the order granting the same, it certainly lost any right which it otherwise would have had, for a new trial. This being so, surely no court would be justified in granting a new trial, thus throwing additional expense on both parties, when the party asking for new trial admits that the verdict and judgment which the moving party was entitled to thereon were in every respect just.

It is therefore the order of this court that the order of the circuit court granting a new trial herein be reversed.

SMITH and McCOY, JJ., not sitting.