FRUTH, Respondent, v. BOLT et al., Appellants.

(164 N. W. 105.)

(File No. 4143.   Opinion filed August 30, 1917.)

1. **Mortgages—Merger of Lien and Fee—Intent, Question of Fact.**
   Merger is not a question of law, to be inferred from circumstances of the particular case, but a question of fact depending upon intent of the parties.

2. **Mortgages—Merger—Transfer of Fee, and Re-transfer, by Warranty Deeds; Subsequent Mortgage Reciting Former Mortgage, Effect—Sufficiency of Evidence.**
   In a suit to foreclose a realty mortgage, it appearing that mortgagor conveyed the fee by warranty deed to mortgagee, followed by reconveyance by warranty deed thereof to mort-

gagor, and that thereafter mortgagor executed a second mort-
gage thereon to mortgagee, containing a covenant against in-
cumbrances excepting a mortgage therein referred to by rec-
ord, which was the prior mortgage, **held,** that, notwithstanding
the transfer and retransfer, by deed, the recital in the second
mortgage was a recognition and admission by mortgagor that
the first mortgage was still in force; and this fact with further
evidence tending to show that mortgagor paid interest on
original mortgage after execution of her deed to mortgagee,
and a part of the second mortgage debt was unpaid interest
on first mortgage, and in view of the fact that the original
note was not surrendered by mortgagor; mortgagor not claim-
ing that the original mortgage debt was ever paid; the finding
of trial court that it is still a subsisting lien is supported by
the evidence.

3.   Mortgages—Successive Recorded Mortgages, Recital in Second,
      Referring to First, Effect, As Notice to Third Persons—Good
      Faith Purchaser.

      Where a second recorded mortgage of realty, containing a
recital referring to the record of a prior mortgage as excepted
from a covenant against incumbrances, **held,** that such recital
was sufficient to put a prudent person on inquiry which, being
pursued with reasonable diligence, would have led a third
person claiming to be an innocent purchaser to discovery of
the first mortgage debt as being unpaid, and that it was the
intention of the parties to the mortgage that it still constituted
a valid lien, notwithstanding a previous recorded warranty
deed by mortgagor to mortgagee followed by recorded warranty
deed from mortgagee to mortgagor; and such purchaser was
not a purchaser in good faith for value without notice of first
mortgage.

Appeal from Circuit Court, Meade County. Hon. LEVI Mc-
GEE, Judge.

Action by Henry Fruth, as administrator of the estate of
William H. Hall, deceased, against Ausna H. Bolt, now known
and going under name of Anna Cox, and Hulett Land & Cattle
Company, to foreclose a mortgage, and for other relief. From a
judgment for plaintiff, and from an order denying a new trial,
defendants appeal. Affirmed.

*Albert Gunderson,* for Appellants.

*W. G. Rice,* for Respondent.

(1) To point one of the opinion, Appellant cited: Chase
Nat. Bank of N. Y. v. Hastings et al., 20 Wash. 433, 55 Pac. 574.

Respondent cited: 27 Cyc. 1380, and cases cited.

(2) To point two of the opinion, Appellant cited: 11 Cyc. 1095; Green v. Edwards, 30 S. W. 1005.

POLLEY, J. Plaintiff, as administrator of the estate of one Hall, deceased, brought this action for the purpose of foreclosing a certain real estate mortgage executed by the defendant Bolt as security for the payment of a certain promissory note for $2,000 and interest. The note and mortgage were executed on the 27th day of December, 1907. Defendants answered separately. Defendant Bolt alleges as a defense that the mortgage had been satisfied, and extinguished by a conveyance of the mortgaged property from her to Hall during his lifetime. Defendant Hulett Land & Cattle Company claims to be a purchaser in good faith of the mortgaged property from Bolt, for value, and without notice of any claim by decedent or by plaintiff that the said mortgage still constituted a lien upon the mortgaged property. The trial court found that the indebtedness evidenced by the said note was still unpaid, and that said mortgage constituted a valid first lien on the mortgaged property, superior to the rights of the defendant Hulett Land & Cattle Company. Decree of foreclosure was entered accordingly, and defendants appeal.

While appellants assign numerous alleged errors, but three questions merit the consideration of the court:

It is first contended by appellants that the complaint does not state facts sufficient to constitute a cause of action. The complaint, so far as the particulars complained of are concerned, is similar to the complaint in Fruth v. Bolt, 158 N. W. 733, recently before this court, and what was said relative to the complaint in that case applies with equal force in this case. On the 1st day of April, 1908, the mortgagor (Bolt) executed a deed, containing full covenants of warranty, conveying the legal title to the mortgaged premises to Hall (the mortgagee), and on the same day Hall (the mortgagee) executed a deed containing similar covenants, reconveying the title to said premises to Bolt. Appellants contend that the conveyance from Bolt to Hall constituted a merger of the mortgage lien, with the fee title in Hall, and that the mortgage thereby became extinguished and satisfied, and that, when Hall reconveyed to Bolt, warranting the land to be free from incum-

23—Vol. 39, S. D.

grances, Bolt took the title in fee freed from the lien of the mortgage.

[1] This result does not necessarily follow from the conveyances alone. Merger is not a question of law, to be inferred from the circumstances of the particular case, but a question of fact, depending upon the intent of the parties. 27 Cyc. 1380.

"As the law of merger depends mostly, if not entirely, upon the intention of the parties, it follows that, when the parties express that intention, such expression of intention must be recognized by the courts. When such intention is not expressed, the court must endeavor to ascertain it by the circumstances connected with the transaction, or must indulge in some presumption by which prima facie its existence may be determined." Devlin on Deeds (3d Ed.) § 1332.

In this case there is nothing in the deed from Bolt to Hall to indicate the intention of the parties in this particular, except the covenant against incumbrances; and the same is true of the deed from Hall to Bolt. But there are other facts and circumstances connected with the transaction that warrant the conclusion of the trial court that no merger was intended.

[2] On the 19th day of June, 1910, more than two years after the execution of the above-mentioned deeds, Bolt executed a second mortgage on the same premises to Hall to secure a note for some $600. This mortgage contains the following covenant:

"That the same are free and clear of all incumbrances whatever, except subject to a mortgage of said land recorded in Book 21, page 251, of the Mortgage Record of said register of deeds' office in Meade county."

Page 251 of Book 21 of the Mortgage Records of Meade county contains the record of the mortgage sought to be foreclosed by this action. This is a positive recognition by said defendant and an admission by her that the first mortgage was still in force and constituted a subsisting lien on the property. There is also evidence in the record tending very strongly to prove that Bolt paid interest on the mortgage for a considerable length of time after the execution of the deed from her to Hall, and that at least a part of the indebtedness secured by the second mortgage was unpaid interest on the first mortgage that accrued after the execution of the said deeds. Again, the note secured by the mort-

gage sued upon in this action was not surrendered by Hall during his lifetime, but was found among his effects after his death. It is shown by the evidence in the record that defendant demanded of plaintiff that he satisfy the mortgage of record; but it is not claimed, nor anywhere suggested, by defendants, or either of them, that the mortgage debt or any part of it has ever been paid. The finding by the trial court that the mortgage is still a subsisting lien on the mortgaged premises is fully supported by the evidence .

[3] Was the Hulett Land & Cattle Company a purchaser in good faith, for value, and without notice? This question can be answered only in the negative. The second mortgage from Bolt to Hall was a matter of record in Meade county when the deed from Bolt to that company was executed. The reference contained in this mortgage to the first mortgage was sufficient to put a prudent person upon inquiry, and, had such inquiry been pursued with a reasonable degree of diligence, it would have been learned that the first mortgage debt had not been paid, and that it was the intention of the parties that the first mortgage still constituted a valid lien on the premises involved.

The judgment and order appealed from are affirmed.