BENNETT, Respondent, v. CAMPBELL et al, Appellant.

(204 N. W. 177.)

(File No. 5219.  Opinion filed June 3, 1925.)

1. **Pleading—Rescission—Trial—Plaintiff Held Not Precluded, by General Denial in Reply, From Proving Rescission of Contract Set Up in Answer.**

   Plaintiff, in mortgage foreclosure suit, held not precluded, by general denial in reply to second mortgagee's answer, which asked no affirmative relief and contained no counterclaim, from proving rescission of contract to accept warranty deed in satisfaction of mortgage, which contract was set up in answer as defense; such reply being superfluous, in absence of court order under Rev. Code 1919, Sec. 2357, requiring reply, and binding plaintiff only as to any admissions against interest therein.

2. **Mortgages—Estoppel—Mortgagee Recovering Mortgage on Surrendering Warranty Deed Given in Satisfaction Thereof Held Not Deprived of Priority by Acceptance of Deed.**

   Second mortgagee, not having changed position nor been prejudiced by first mortgagee's acceptance of warranty deed in satisfaction of mortgage. and subsequent reinstatement of latter, by agreement with mortgagor, on mortgagee's discovery of second mortgage, holder of which did not learn of such transactions until first mortgagee began foreclosure proceedings, first mortgagee was not deprived of priority.

Appeal from Circuit Court, Miner County; Hon. Alva E. Taylor, Judge.

Action by Ora D. Bennett against J. M. Campbell, the First State Bank of Fulton, and others. Judgment for plaintiff, and defendant bank appeals. Affirmed.

*W. H. Seacat,* of Alexandria, and *H. G. Giddings,* of Mitchell, for Appellant.

*Baldwin & Lyons,* of Howard, for Respondent.

(1) To point one of the opinion, Respondent cited: Mackie Motor Co. v. Dearborn Truck Company (Ia.), 186 N. W. 22; Blake v. Osmundson (Ia.), 159 N. W. 766; Enderlien v. Kulass (N. D.), 141 N. W. 511; Gull River Lumber Company v. Keefe (S. D.), 41 N. W. 743; Johnson v. Butler et al (S. D.), 170 N. W. 140; Garland Corporation v. Waterloo Loan & Trust Co. (Ia.), 170 N. W. 373; 31 Cyc. 246.

(2) To point two, Respondent cited: Strehlow v. Fee (N. D., 161 N. W. 719; Home Investment Company v. Clarson (S. D.), 109 N. W. 507; Ricker v. Stott (S. D.), 83 N. W. 47; Upton v. Hugos (S. D.), 64 N. W. 523.

CAMPBELL, J.  Defendants J. M. Campbell and wife, Bertha, gave to plaintiff in 1919 a $13,000 purchase-money first mortgage on real estate in Miner county. January 3, 1921, they gave to defendant First State Bank of Fulton a second mortgage upon the same premises, which recited that it was subject to a prior mortgage to plaintiff in the principal sum of $13,000. October 8, 1921, default existing under the terms of plaintiff's mortgage, and plaintiff being ignorant of the existence of subsequent mortgages, defendants Campbell and wife gave to plaintiff a warranty deed of the mortgaged premises, which deed recited that it was given for the satisfaction of the $13,000 mortgage. Plaintiff surrendered to them the $13,000 mortgage with the note and interest coupons thereby secured. The warranty deed was not recorded, nor was the mortgage satisfied of record. On the same day plaintiff and defendant Campbell entered into a written agreement, reciting the delivery of the warranty deed and the surrender of the $13,000 note, and provided that the deeded premises might be "redeemed" at any time within one year by making certain payments specified in detail in the contract.

On November 12, 1921, plaintiff first learned of the existence of other mortgages.  He went immediately to the defendant Camp-

bell, secured from him the $13,000 note, interest coupons, and mortgage, returned to him the warranty deed of October 8, 1921, and both parties signed the following writing indorsed on the written agreement of October 8, 1921:

"For and in consideration of the sum of $1 and other good and valuable consideration, the within contract is hereby mutually rescinded and the consideration received by each of the contracting parties under the same is to be returned to the other party and each of the said parties is hereby restored to the status which he had prior to the execution of said contract. Dated this 12th day of November, 1921."

Plaintiff thereupon instituted the present action for foreclosure of the $13,000 mortgage having been enjoined from an attempted foreclosure by advertisement.

The complaint is in the usual form for foreclosure. The answer of the defendant State Bank of Fulton is denominated "Answer and Counterclaim," but asks for no affirmative relief and contains no counterclaim. The answer alleges that on October 8, 1921, plaintiff accepted and received a warranty deed of the premises in full satisfaction of his mortgage. The answer also sets up the mortgage of the defendant Fulton Bank, and alleges that the same is in full force and effect and the indebtedness thereby secured unpaid, but does not ask for foreclosure thereof or that its mortgage be adjudged prior to plaintiff's mortgage; the prayer of the answer being that the complaint be dismissed on the merits, and that the defendant Fulton Bank have judgment for costs. To this answer the plaintiff, voluntarily and without order of court interposed a reply consisting of a general denial.

The trial court found plaintiff's mortgage to be a first lien on the premises and decreed foreclosure. From this judgment the defendant First State Bank of Fulton appeals.

Appellant assigns errors in support of two principal contentions, which are: First, that respondent, having interposed a general denial by way of reply was limited thereby, and should not have been permitted to offer proof in avoidance of the answer by showing a subsequent rescission of the transactions of October 8th, set up by the answer as a defense; second, that the proceedings of October 8, 1921, between respondent and

defendant Campbell operated to discharge respondent's mortgage, and that the same could not thereafter be revived or reinstated as against appellant by the surrender of the warranty deed, the return of the note and mortgage, and the effort on November 12th to restore the parties to their original status.

[1] We are of the opinion that appellant's first contention is not well founded. The answer contained no new matter constituting a counterclaim. Respondent need not have replied, and indeed should not have replied, except in the event of an order of court on a motion by appellant. Rev. Code 1919, § 2357. The voluntary reply filed by respondent was entirely superfluous. Under the decisions of this court its only effect would be to bind respondent by any admission against interest therein contained. Gull R. Lbr. Co. v. Keefe, 6 Dak. 160, 41 N. W. 743; Johnson et al v. Butler et al, 41 S. D. 236, 170 N. W. 140. If no reply had been filed, respondent would have been entitled to submit any relevant proof either in denial or avoidance of the material allegations of appellant's answer. The filing of the voluntary reply did not limit respondent in his proof either by way of denial or avoidance, so long as the offered proof did not controvert admissions of the reply.

[2] Neither is there merit in appellant's second contention. The record fails to disclose that appellant changed its position in any way or was prejudiced in the slightest degree by reason of acts of respondent and defendant Campbell in connection with the surrender and reinstatement of the first mortgage. In fact it does not even appear that appellant had any knowledge whatever of these transactions between respondent and defendant Campbell until they were entirely completed and respondent began foreclosure proceedings. Manifestly appellant did not rely thereon to its harm. Under these circumstances, in the absence of any injury or prejudice to appellant, it would be a harsh rule indeed that would deprive respondent of the priority of his security. The rule applicable to the facts of this case is well stated by the North Dakota court in Strehlow v. Fee, 36 N. D. 59, 161 N. W. 719, as follows:

"The rule of law, indeed, is well established that where an instrument has been surrendered or discharged, or an incumbrance or charge has been satisfied through mistake, the party making

the same is entitled to be replaced in his original position, provided only that other creditors have not been induced by the action of the plaintiff or petitioner to change their position, and have not lost any substantial and material rights by such action."

The soundness of this principle has been several times recognized by this court, though perhaps not in application to an identical state of facts. See Home Inv. Co. v. Clarson, 21 S. D. 72, 109 N. W. 507; Ricker v. Stott, 13 S. D. 208, 83 N. W. 47; Upton v. Hugos, 7 S. D. 476, 64 N. W. 523.

The judgment of the trial court is affirmed.