On character and sufficiency of evidence to show pecuniary loss to parent by death of child, see note in L. R. A. 1918E, 278.

---

RASMUSSEN, Appellant, v. STANFIELD et al, Respondents.

(206 N. W. 475.)

(File No. 5456.   Opiinon filed December 18, 1925.)

1.   **Appeal and Error—New Trial—Evidence—Sufficiency of Evidence Will Not Be Considered On Appeal.**

Sufficiency of evidence will not be considered on appeal, where appellant's brief does not affirmatively state that it contains all material evidence, and there is no showing that a motion was made for new trial.

2.   **Mortgages—Real Property—When Merger of Mortgage In Title Will Be Declared to Exist Stated.**

Merger of mortgage in title will be declared to exist only
when intent of party accepting deed is clearly shown to sup-
port that theory, or there is some act estopping holder of title
from denying that merger has resulted.

3.  Deeds—Deed Held Not Accepted.
    Where mortgagee, after sale in foreclosure, but before time
for redemption had expired, in negotiating for quitclaim deed
from mortgagor; left deed, which was not signed by title
holder, and check for amount in excess of mortgage, with
bank, stating that deed should be completed and sent to his
bank, and, if found all right, check would be paid, and deed
was later, on advice of his attorney, rejected, held to show
that deed was never accepted.

4.  Deeds—Delivery and Acceptance Are Essential Elements of Con-
    veyance of Title by Deed.
    Delivery and acceptance are essential elements of conveyance
of title by deed.

5.  Mortgages — Merger — Waiver — Foreclosure Rights Held Not
    Merged in Title.
    Mortgagee, by accepting quitclaim deed from mortgagor,
naming mortgagee's wife as grantee, after sale in foreclosure
but before time for redemption had expired, held under the
facts not to have effected a merger of his foreclosure rights in
title, so as to let in junior mortgagee.

6.  Mortgages—Merger of Mortgage in Title Is Question of Fact
    Depending Upon Intent of Parties.
    Merger of mortgage in title is question of fact depending
upon intent of parties.

Appeal from Circuit Court, Hand County; HON. ALVA E.
TAYLOR, Judge.

Action by Herman Rasmussen against Carl Stanfield and
others for cancellation of mortgage foreclosure and the sheriff's
deed issued pursuant to such foreclosure. From a judgment for
defendants, plaintiff appeals. Affirmed.

*M. Harry O'Brien,* of Highmore, for Appellant.
*Harlan J. Bushfield,* of Miller, for Respondents.

(2)  To point two of the opinion, Appellant cited: Forth-
man v. Deeter, 206 Ill. 159, 69 N. E. 97; Jackson v. Tift, 15 Ga.
557; Pierson v. Bailey, 180 Mass. 229. .

Respondent cited: Fruth v. Bolt, 164 N. W. 105.

(6)  To point six, Appellant cited: 27 Cyc. 1380; Aims v.
Miller, 65 Neb. 204, 91 N. W. 250.

MORIARTY, C. The appellant, Herman Rasmussen, brought this action to secure a decree canceling and declaring void a certain mortgage foreclosure and the sheriff's deed issued to respondent Joseph Peterka, pursuant to such foreclosure, and adjudging a certain mortgage held by appellant to be a valid first lien on the land described in said sheriff's deed.

There is practically no dispute as to the facts, which are as follows:

In March, 1920, the respondent Joseph Peterka conveyed to Carl Stanfield a tract of land in Hand county. On March 1, 1920, said Carl Stanfield and his wife mortgaged said land to respondent Peterka for the sum of $17,500, which was part of the price of the land. On the same day said Stanfield mortgaged the same land to appellant for the sum of $6,500. Both mortgages were filed for record by the register of deeds of Hand county, S. D., at 9 o'clock a. m. of March 3, 1920. The deed made by respondent Peterka and wife, and conveying the land to Stanfield, was also recorded at the same day and hour By a warranty deed dated May 11, 1920, Carl J. Stanfield conveyed the said land to Estella M. Stanfield, his wife.

About December, 1920, respondent Peterka began the foreclosure of his mortgage, and on December 31, 1920, the sheriff of Hand county, S. D., made a certificate of sale reciting that on that date he had sold the land to respondent Peterka at foreclosure sale, on the foreclosure of the $17,500 mortgage.

During January, 1921, Peterka was dissatisfied with the condition of the improvements on the land ,and wished to get possession of it at once. Stanfield, who was living on the land, agreed to surrender possession on payment of $1,500, provided he should be relieved of liability on the notes secured by his mortgage to Peterka. Stanfield and Peterka met at a bank in Highmore, and there Peterka signed a check for $1,500, payable to Stanfield, also a receipt reciting that he was placed in possession of the land in consideration of the $1,500 payment and full settlement and cancellation of Peterka's mortgage on the land. This receipt was written by the banker and signed by Peterka, who could not read English. At this time Stanfield stated that his wife held the title to the land, and the banker said the wife would have to sign the deed. Peterka had a deed ready for signature,

and Stanfield signed it, but the banker wrote into this deed a clause reciting that it was given in consideration of the cancellation of Peterka's mortgage on the land. Peterka left the deed, check, and receipt in the Highmore bank, stating that the deed should be completed and sent to his bank at Miller, and, if the deed was found to be all right, the check would be paid.

A day or two afterward the deed was completed by the signatures and acknowledgments of Mrs. Stanfield and her husband, and was forwarded to the bank at Miller. There it was examined by Peterka's attorney, who advised Peterka that he could not safely accept the deed with the clause which had been inserted by the Highmore banker. Peterka stopped payment on the $1,500 check, and the deed was returned to the bank at Highmore. The deed was subsequently returned to Stanfield and destroyed.

Later on Peterka had further negotiations with Stanfield, and gave him a check for $2,000, for which he received certain personal property and a quitclaim deed executed by Mrs. Stanfield, and joined in by her husband, conveying the land to Anna Peterka, the wife of respondent Peterka. Under this conveyance Peterka and wife went into possession of the land.

In January, 1922, the sheriff of Hand county made and delivered to respondent Peterka a sheriff's deed conveying the land pursuant to the foreclosure sale.

In June, 1922, appellant began this action. The case was tried to the court, which made findings of fact in accordance with the above statement of the case, and from such findings concluded that appellant was not entitled to any part of the relief prayed for, and entered judgment for defendant, respondent herein.

[1] Appellant's brief does not affirmatively state that it contains all the material evidence. Nor is there any showing that there was any motion for a new trial. Therefore no question as to the sufficiency of the evidence is before this court.

In addition, respondent's counsel states that no undertaking on appeal was ever served, and moves the dismissal of the appeal on that ground. But as this raises a question of fact requiring an examination of the record, and in the view which we take of the facts, it will not be necessary for us to pass upon that contention.

From the nature of appellant's brief, the only question for our consideration is whether the findings of fact support the conclusions and judgment of the trial court.

Appellant's sole contention is that the trial court erred in entering conclusions and judgment for the respondent, because the facts show that respondent took title to the land by the deed made at the Highmore bank, and containing a clause specifically providing that it was given in consideration of the cancellation of respondent's mortgage on the land conveyed. Appellant's counsel contends that the title then passed to respondent and his mortgage was thereby merged in the title, and that thereby appellant's mortgage ·became a first lien on the land, and respondent's foreclosure and sheriff's deed were rendered nugatory.

[2] We can find no merit in these contentions. The rule is well established that the courts will not declare a merger to have taken place except where the intent of the party accepting the deed is clearly shown to support that theory, or there is some act estopping the holder of the title from denying that a merger has resulted. But, leaving that rule out of the question, there is no support for appellant's contention.

[3] This contention relies wholly upon the theory that title passed to respondent when the deed left for execution in the Highmore bank was executed by Estella M. Stanfield and Carl J. Stanfield. But it is evident that this deed was never accepted by respondent. When he saw the writing at the Highmore bank it had not been signed by Estella Stanfield, the holder of title; therefore it could not convey any title at that time. Later it was signed by Mrs. Stanfield, but was not accepted by the respondent, but was refused by him. The check which was to be consideration for this deed was returned to respondent, and the deed surrendered to the Stanfields. Therefore no title passed until the delivery of the second deed.

[4] It is well established that delivery and acceptance are essential elements of conveyance of title by deed. Reid v. Gorman et al., 37 S. D. 314, 158 N. W. 780.

[5] The only deed accepted, as a conveyance of the Stanfield interest in the land, was the one resulting from the second negotiation and running to Anna Peterka. The evident intent of

Joseph Peterka in securing this quitclaim deed was to get possession of the land and terminate Mrs. Stanfield's right of redemption. Under the terms of the deal any claim for a deficiency judgment on the Stanfield notes was to be waived. There is nothing in the record to indicate Peterka's intention to allow his foreclosure rights to be merged in the title acquired by the quitclaim and to take the land subject to appellant's junior mortgage. His refusal to accept the first deed and his subsequent acceptance of the deed naming his wife as grantee show his deliberate intent to negative that result.

[6]   Merger is a question of fact, depending upon the intent of the parties. Fruth v. Bolt, 39 S. D. 351, 164 N. W. 105.

The conclusions of law and the judgment entered by the learned trial court are amply sustained by the findings of fact, and we find no error in the matters complained of.

The judgment appealed from is affirmed.