TURNER, Appellant, v. ERICKSON et al, Respondents.

(215 N. W. 933.)

(File No. 5973. Opinion filed November 14, 1927.)

1. **Mortgages—Assignee, Not Holder in Due Course, Cannot Recover.**
   Assignee, suing to foreclose mortgage securing note of which he was not holder in due course, was in no better position than his assignor was before making assignment.

2. **Mortgages—Unrecorded Satisfaction of Earlier Mortgage, Given on Erroneous Assumption of Use as Agreed of Proceeds of Later Mortgage to Same Mortgagee to Satisfy Existing Incumbrances, Held Ineffectual Against Purchaser Without Knowledge at Foreclosure of Intermediate Mortgage.**
   Where E., who bought land of F., subject to F.'s mortgage to P., and gave purchase-money mortgage thereon to F., then gave mortgage thereon to P. for a loan, with understanding that the money was to be used to satisfy the existing incumbrances on the land, and P., retaining money for F.'s mortgage to it, and assuming, contrary to the fact, that the rest of the money had been used in accordance with the understanding, sent E. a satisfaction of mortgage given by F., which was not recorded, and later was returned, held that such mortgage should be treated as unpaid and as the superior lien, not only as against E., but also as against purchasers at foreclosure of

the mortgage to F., such purchasers having no knowledge of the satisfaction, and so not being misled by it.

---

Note.—See, Headnote (1), American Key-Numbered Digest, Mortgages, Key-No. 256, 41 C. J. Secs. 711, 712; (2) Key-No. 181, 41 C. J. Sec. 548.

Appeal from Circuit Court, Butte County; Hon. James Mc-Nenny, Judge.

Action by Frank M. Turner against Otto Erickson, on whose death Marie S. Erickson was substituted, and others, to foreclose a mortgage. From a judgment for defendants, plaintiff appeals. Reversed.

*Buell, Denu & Philip, Bangs & Wood,* and *Turner M. Rudesill,* all of Rapid City, for Appellant.

*J. W. Marvin* and *L. M. Simons,* both of Belle Fourche, for Respondents.

POLLEY, J.    This action was brought to foreclose a mortgage on 80 acres of land in Butte county. The mortgage was executed by one Frederickson to Petters & Co., to secure the payment of a certain promissory note for $1,700 given to Petters & Co. by said Frederickson. The note and mortgage were executed and delivered on the 13th day of November, 1917.

On the 8th day of October, 1918, Frederickson sold the land, subject to said mortgage, to Erickson, who assumed said mortgage, and on that date gave Frederickson a mortgage on the land to secure the payment of three notes, to wit: One for $1,000, due October 1, 1919; one for $1,000, due October 1, 1920; and one for $2,800, due October 1, 1921. In addition to the above 80-acre tract of land, Erickson had title to two adjoining 80's, making a contiguous trace of 240 acres. On the 23d day of September, 1919, Erickson made a written application to Petters & Co. for a loan of $12,000. This application contained a detailed description of the land and the improvements thereon. The purpose of this loan, as stated in the application, was to pay off existing incumbrances on the land, and the application contains the following statement:

"I hereby authorize you or my said agent to use the proceeds (of the loan) to remove all liens now upon said land, and have any necessary corrections in the title made before the loan is completed."

He listed the incumbrances as follows:

"Petters, $4,000; Max Schuft, $1,500; Joe Kapalin, $3,800; * * * Black Hills Trust & Savings Bank, $1,500, 1922."

And further stated that applicant would have releases of said incumbrances ready for delivery and record at time of closing loan. The application also contains this provision:

"I hereby authorize and appoint as my agent Fred M. Clary, to whom the papers and money for this loan may be sent, and the payment of any money to my said agent shall be taken and held in all respects to be a payment to me."

Fred M. Clary, at that time, was the cashier of the Fruitdale State Bank. The Petters Company, without waiting for an abstract of the title to the land described in said application, and without verifying the statements therein relative to the incumbrances on the said land, accepted the said application. On the 30th day of September, 1919, Erickson and wife executed and delivered to the Petters Company 25 bonds aggregating $12,000 in amount, and to secure the payment of the same executed and delivered a mortgage on said 240 acres of land for $12,000.

It was the definite understanding of all parties to this transaction that the Petters Company was to use the amount represented by these bonds and the mortgage given to secure the payment of the same to satisfy the existing incumbrances on the land. Pursuant to this understanding, the Petters Company, on the 30th day of October, 1919, sent to the Fruitdale State Bank the note and mortgage involved in this action, together with a satisfaction of the mortgage; also another note and mortgage not material in this case with a satisfaction of the mortgage. Thereafter the Petters Company paid three drafts made by the said Clary against the said $12,000 loan, to wit: December 6, 1919, $2,500; March 2, 1920, $2,500; March 22, 1920, $3,000. On the 1st day of November, 1920, the Petters Company rendered to Erickson a statement showing the condition of its account with him at that time, which statement shows the following items:

| | |
|---|---:|
| Amount advanced to F. M. Clary | $ 8,000.00 |
| Revenue stamps | 12.42 |
| Several examinations of abstracts | 15.00 |
| Amount necessary to take up Kapalin loan | 1,905.00 |
| Amount necessary to take up Frederickson loan | 2,074.00 |
| Cost of bonds $2.50 apiece | 62.50 |

Amount of loan .......................$12,000.00
Amount still due us on said loan .......... 68.92

                                        $12,068.92  $12,068.92

The Frederickson loan mentioned in this statement is evidenced by the note and mortgage involved in this action, and which purported to have been satisfied by the Petters Company on the 30th day of October, 1919.

Petters & Co. did not receive corrected abstracts of the entire tract of Erickson's land until the 10th day of December, 1920, and it was not until then that it had any actual knowledge of the mortgage for $4,800 given by Erickson to Frederickson when Erickson acquired the Frederickson land. The Petters Company learned also from this abstract that the amount of the mortgage held by the Black Hills Trust & Savings Bank was $2,000 instead of $1,500, as stated in Erickson's application. Shortly thereafter the Petters Company learned that a considerable portion of the $8,000 in cash it had advanced on the Erickson loan had been diverted to other uses than clearing up the prior incumbrances on the Erickson land, and that it would require approximately $7,000 more than the amount secured by the $12,000 mortgage to pay off the prior incumbrances and make this mortgage a first lien on the land.

The satisfaction of the Frederickson mortgage (the mortgage involved in this action) was never recorded, and about the 20th of December, 1920, this satisfaction, together with the note and mortgage, were returned to Petters & Co. by Erickson, and on or about the 18th day of February, 1921, the note and mortgage were assigned to the plaintiff herein, who commenced this action to foreclose said mortgage on the 1st day of April, 1922.

Some time after the conveyance of the land involved in this action from Frederickson to Erickson, Frederickson transferred the $2,800 note he had received from Erickson, and which was secured by the $4,800 mortgage given Frederickson by Erickson, to the First National Bank of Belle Fourche. This note was not paid. The mortgage was foreclosed. The land was bid in by D. R. Evans and J. W. Malvin, two of the defendants in this action, and sheriff's deed was issued to them on the 18th day of December, 1922.

The mortgage—Erickson to Frederickson—was executed on the 8th day of October, 1918, and was therefore subsequent in time to the mortgage involved in this action; but it is the contention of defendants that, when the Petters Company accepted the $12,000 note and mortgage from Erickson, and sent him the Frederickson note and mortgage with the satisfaction thereof, this note and mortgage and the debt secured thereby became extinguished, and left the Erickson mortgage the first lien on the land.

[1] The trial court found that plaintiff is not a holder, in due course, of the $1,700 note; therefore plaintiff is in no better position than the Petters Company was before making the assignment.

[2] That the Petters Company intended to extinguish the Frederickson indebtedness and the mortgage given to secure the same is clearly shown by the evidence. When Erickson applied for the $12,000 loan he stated that the purpose of the loan was:

"To pay off existing mortgages on real estate."

The Petters Company was the mortgagee in the Frederickson mortgage, and, of course, had knowledge of such mortgage. The application for the $12,000 was accepted on the 30th day of September, 1919, and on the 30th day of the following month the Petters Company sent Erickson the $1,700 note and mortgage, together with a satisfaction of the mortgage. On the 1st day of November, 1920, the Petters Company sent Erickson a statement showing the disposition made of the $12,000 represented by his note. This statement shows that $2,074 had been used "to take up the Frederickson loan."

From the foregoing facts the trial court fund "that, by accepting from Otto Erickson and wife the $12,000 mortgage securing $12,000 in bonds, and the taking of the credit for the payment of the Frederickson loan, that said Petters & Co., by its acts, released the Frederickson loan and mortgage heretofore described in paragraph 3 thereof," and "that the mortgage to Petters & Co. for $1,700 * * * has been paid by novation."

The facts do not support this conclusion of law. When the Petters Company sent Erickson the satisfaction of the Frederickson mortgage, and when it sent him the above statement on the 1st day of November, 1920, it believed that the money it had sent to Clary had been used to pay off the outstanding incumbrances

on the land, and it was on the strength of this belief that the satisfaction and statement were sent to Erickson. The money sent to Clary not having been used for the above purpose, the Frederickson mortgage, the one involved in this action, should not be held to have been paid. As between the Petters Company and Erickson it was not paid, and Erickson does not appear ever to have considered that it was paid, for he never recorded the satisfaction piece, and later on returned it with the note to Petters & Co. The Frederickson mortgage was, and still is, superior as a lien to the mortgage under which defendants Evans and Malvin are claiming, unless they were misled to their detriment when they parted with their money for the sheriff's deed under which they are claiming title, by the satisfaction of the Frederickson mortgage sent to Erickson by Petters & Co. There is no evidence in the record that they were misled, or that they had any knowledge of any of the transactions that took place between the Petters Company and Erickson. In the absence of such evidence, they are not entitled to recover.

In Bennett v. Campbell, 48 S. D. 285, 204 N. W. 177, we held that, where the owner of a first mortgage, in ignorance of a second mortgage, executed a satisfaction of his mortgage in consideration for a warranty deed of the mortgaged premises from the owner thereof, the owner of the first mortgage, upon learning of the second mortgage, might rescind such satisfaction, and foreclose his mortgage as though the satisfaction had never been given.

The judgment and order appealed from are reversed.

CAMPBELL, P. J., and GATES, SHERWOOD, and BURCH, JJ., concur.