POLCHOW, Respondent, v. ROSE, et al, Appellants.

(225 N. W. 655.)

(File No. 6368. Opinion filed June 4, 1929.)

*Bruell & Henderson,* of Redfield, for Appellant.

*W. H. Beckman* and *Sterling, Clark & Grigsby,* all of Redfield, for Respondent.

POLLEY, J.  On the 1st day of March, 1919, defendants Guy Rose and Harriet Rose had title, subject to a mortgage for $8,000, to a tract of land in Hand county.  On said 1st day of March, 1919, said defendants gave to plaintiff a second mortgage on said land for $12,500.  On the 16th day of March, 1921, said defendants gave to the defendant State Bank of Tulare a third mortgage on the same tract of land for something over $6,000.  On the 8th day of March, 1922, defendants Guy Rose and Harriet Rose, being unable to make payments due to plaintiff on his mortgage, gave plaintiff a warranty deed to the said mortgaged premises.  This deed was duly recorded in the office of the register of deeds of Hand county on the 16th day of March, 1922, and was given by said defendants and accepted by plaintiff in satisfaction of plaintiff's said mortgage.

On the 29th day of May, 1922, plaintiff and the defendants Guy Rose and Harriet Rose executed the following written agreement:

"Cancellation of Deed.

"Whereas, on the 15th day of March, 1922, Guy Rose and Harriet M. Rose, his wife, of Hand County, South Dakota, did make and execute to August Polchow of Redfield, S. D., a Warranty Deed, covering the [tract of land described in said mortgage]. * * * Which said deed was duly recorded in the office of the Register of Deeds of Hand County, South Dakota, on the 16th day of March, 1922, in Book 73, at page 450, at two o'clock p. m. of said day;

"And whereas said deed was made, executed and delivered by error and a misunderstanding of the said parties, and whereas said deed was recorded under like error and misunderstanding, and whereas the consideration in said deed has failed;

"Now therefore, to correct said error and misunderstanding and to place the said parties in their former position with their former rights, it is hereby agreed and understood by and between the said August Polchow and Guy Rose and Harriet M. Rose, that the said Warranty Deed be and hereby is cancelled and declared void in all respects, and that the said parties are hereby restored to their former rights in said premises in all respects, and that the said Guy Rose is and continues to be the owner in fee of the premises described in said deed."

Thereafter plaintiff commenced this action to foreclose his said mortgage as though no attempt to satisfy the same had been made. Findings and judgment were for plaintiff, and defendant State Bank of Tulare appeals.

It is the contention of appellant that when plaintiff took the deed from the Roses, it was done for the purpose and with the intent to merge his said mortgage with the title to the property, that said mortgage was entirely extinguished by the said deed, and that its mortgage became prior in right to plaintiff's mortgage. Plaintiff testified that when he took the said deed he had no knowledge of the said third mortgage; that he inquired of the said Roses if there were any incumbrances on the said property other than the first and second mortgages, and that he was positively assured by them that there was no such incumbrance, and upon this question the court made the following finding of fact:

"That plaintiff relied upon such representation and accepted said deed and placed same of record with the understanding and in the belief that no other mortgage or lien than his mortgage and the said Federal Land Bank mortgage existed upon said real estate, and without knowledge of the said mortgage of the defendant State Bank of Tulare; that there was no intention on the part of plaintiff to merge his mortgage in the said deed as against the said mortgage of the defendant State Bank of Tulare, and that it was against the pecuniary interest of plaintiff that his said mortgage be so merged; that on or about May 20, 1922, plaintiff for the first time learned of the existence of the said mortgage of the defendant State Bank of Tulare, and did thereupon enter into a written agreement with the defendants Guy Rose and Harriet Rose to cancel said warranty deed and restore the parties to their former rights and privileges."

Plaintiff's intent and purpose in taking the said deed from the Roses is the only disputed question of fact involved in the case, and the above finding of the trial court is final upon such question.

In Perry v. Perry (S. D.) 221 N. W. 674, this court said: "The question of whether the conveyance of the mortgagor's equity to the mortgagee results in the merger of the mortgage and the fee is primarily one of intention of the mortgagee"—citing 41 C. J. 776. Other cases by this court reaching the same result, but which were overlooked by the majority of the court in the preparation of the opinion in Perry v. Perry, supra, are Bennett v. Campbell, 48 S. D. 285, 204 N. W. 177; Fruth v. Bolt, 39 S. D. 351, 164 N. W. 105; Rasmussen v. Stanfield, 49 S. D. 120, 206 N. W. 475.

Upon the authority of these cases, the judgment appealed from is affirmed.

SHERWOOD, P. J., and BURCH and BROWN, JJ., concur.

CAMPBELL, J. (concurring specially). I think the clear preponderance of the evidence shows beyond any possible question that when Polchow took the warranty deed from Rose and wife on March 15, 1922, he took it in payment and satisfaction of his mortgage and the mortgage notes, which he then surrendered to the Roses, and with the full intent and understanding that his mortgage should be thereby paid and completely wiped out, and as a substitute for foreclosure. His attorney advised him that this was not a safe procedure if there were other mortgages or liens, but he determined to do it nevertheless, taking the word of Rose that there were no other liens. As to whether Polchow at this time knew of the bank's mortgage, the evidence is in direct conflict, and Polchow's testimony is certainly far from satisfactory. However, the court saw and heard all the witnesses, and has found in favor of Polchow on this point to the effect that he did not know of the existence of the bank's mortgage at the time he took his deed, and that he relied on the statement of Rose that there were no other mortgages. Under all the circumstances, I do not believe this court should hold that the clear preponderance of the evidence is against this finding.

While the evidence seems to me to show beyond question that Polchow, when he took the deed, intended that his mortgage should

be paid thereby and utterly ended and merged, yet, accepting the finding of the court that he so acted in ignorance of the existence of the bank's mortgage, it is entirely reasonable to say that he would not have so acted if he had known of the bank's mortgage; and that, I think, is as much as the findings of the trial court really amount to. In other words, accepting the finding of the court on conflicting facts, the situation is that Polchow took a deed fully expecting and intending that such deed would operate to pay his mortgage and merge his mortgage interest in the fee; but he would not have so conducted himself if he had known at that time of the existence of the bank's mortgage. That is, his intent would have been different from what it in fact was had he been possessed of all the relevant facts at the time he acted and formed his intent.

When he did learn the facts he moved promptly to rescind the transaction as between himself and Rose, but nevertheless left his deed of record, gave no notice to the bank, and took no steps whatever toward enforcing his mortgage for nearly two years. His dilatory conduct in this regard is certainly in marked contrast to the extremely prompt action of the plaintiff in Bennett v. Campbell, 48 S. D. 285, 204 N. W. 177.

However, when the Tulare bank took its mortgage it was a third mortgage, as the bank well knew. Under all the circumstances of this case, conceding the fact, which seems entirely apparent to me, that Polchow when he took the deed fully intended payment and merger, nevertheless, if we accept the finding of the court that he would not have conducted himself as he did, and would not have intended payment and merger, except for his ignorance of the existence of the bank's mortgage, then I do not think that equity ought gratuitously to improve the bank's situation by advancing the bank from third to second mortgagee as against Polchow, unless it appears that the bank has suffered prejudice by reason of Polchow's conduct. On this point the trial court found as follows:

"That the defendant State Bank of Tulare was in no way prejudiced by the apparent vesting of the title to said real estate in plaintiff by reason of said Warranty Deed, except that said defendant did make two payments of interest upon the said first mortgage of $8,000 held by the Federal Land Bank of Omaha, to wit, payment of $267.50 on the 23d day of April, 1923; payment

of $268 on the 29th day of September, 1923; that said defendant is entitled to a refund of said payments with 7 per cent interest thereon from the date of such payments to the 10th day of September, 1924."

The judgment in this case is conditional upon the repayment of those sums by Polchow to the bank, and he has tendered the necessary amount into court for that purpose. Under those circumstances and pursuant to the doctrine laid down in Bennett v. Campbell, supra, I think the judgment appealed from should be affirmed in spite of the fact that when Polchow took his deed he intended it to operate as payment of his mortgage and fully intended and expected that the taking and recording of the deed utterly and completely ended his mortgage interest in the land, and in spite of the fact that he left his deed on record and delayed for nearly two years in asserting his mortgage rights after he discovered the true facts.

On the foregoing considerations I concur in the result reached by the majority opinion in this case, though I do not think the case can turn on the point that merger was not intended. It very plainly was.