BOWE, Appellant, v. LONGSTAFF, et al, Respondents.

(227 N. W. 889.)

(File No. 6587. Opinion filed December 10, 1929.)

*McCoy & McCoy,* of Huron, for Appellant.

*Gardner & Churchill,* of Huron, for Respondents.

POLLEY, J. On the 15th day of June, 1906, one Longstaff and wife, two of the defendants herein, gave to Huron College a note and mortgage for $4,000. On or about the 1st day of May, 1922, this note and mortgage with unpaid interest were sold and assigned to Andrew Riegel for $4,800; on the 10th day of October, 1917, the Longstaffs gave to said Riegel their other note and mortgage for $15,000; and on or about the 9th day of June, 1923, both of said notes and mortgages were assigned to this plaintiff.

On the 3d day of January, 1922, the said Longstaffs, being indebted to defendant the City National Bank on a promissory note in the sum of $22,000, gave to said bank as security for the payment of such note, a mortgage on the property described in the former mortgages, and which mortgage was by its terms subject to said former mortgages.

On the 2d day of May, 1922, the said Longstaffs executed and delivered to the said Riegel a warranty deed to the property described in the said mortgages, and on the same date said parties entered into a written agreement in words and figures as follows, to wit: "Articles of agreement, made and entered into this 2nd day of May, 1922, by and between John Longstaff, party of the First Part, of Huron, South Dakota, and Andrew Riegel, of Los Angeles, California, party of the second part, witnesseth:

"That party of First Part has this day executed and delivered to the Party of the Second part a warranty deed to the West Forty-four feet of Lots Number (15), Sixteen (16), Seventeen (17), and Eighteen (18), in Block Nine (9), of the original Town (now City) of Huron, the said deed being delivered upon the sole condition that the mortgages now on said property remain in full force and effect, and the deed to be null and void unless the other incumbrances now against said property are paid, disposed of or liquidated in some way. The party of the second part, through his agent, to have possession, collect and receive all rents from said property until liquidation is made.

"In witness whereof the said parties have set their hands the day and year above written."

Upon the execution and delivery of said deed and contract, Riegel paid to Longstaff the sum of $2,500 in cash, and was put into possession of said mortgaged premises by Longstaff. There-

after Riegel, by himself, his agent, and the assignee, collected the rent on the said mortgaged property.

The two notes belonging to plaintiff not being paid, the plaintiff, on or about the 19th day of April, 1924, commenced this action for the purpose of foreclosure of the said mortgages and sale of said mortgaged premises. The Longstaffs defaulted, and took no part in the defense of the action. But the defendant the City National Bank answered, admitting the execution of the note to Huron College, and alleged as to both notes set out in the complaint, that, if plaintiff was the owner thereof, he became such owner long after said notes became due and payable and as further security for said indebtedness; that said defendant John Longstaff turned over to the plaintiff and his alleged successor or predecessor in interest the possession of the said mortgaged premises, and that plaintiff and his alleged grantor and predecessor in interest have collected large sums of money as rents and profit arising from said premises, and have failed to apply said sums of money so collected upon the said indebtedness, and that the plaintiff should be required to account for the money so collected; that the said Andrew Riegel received from the defendant Longstaff a warranty deed conveying the said premises to said Riegel free and clear of all liens and incumbrances, and that, by accepting such conveyance, the lien of the mortgages described in the complaint and then owned by the said Riegel became merged with and in the fee title so received and accpted by him, and that the defendant's mortgage became and is a first lien upon the said premises, prior and superior to the mortgages described in plaintiff's complaint. Defendant demanded judgment, that plaintiff be required to account for the moneys that had been collected as rent from the mortgaged premises, and apply the same to the reduction of his indebtedness, and that it be determined what amount, if any, is due the plaintiff on account of his said alleged notes, that the amount of indebtedness due from the Longstaffs be determined, and that the mortgage lien be established, and that they have such other and further relief as may be just and equitable.

The case was tried by the court. Findings of fact, conclusions of law, and judgment were in favor of defendant the City National Bank, and plaintiff appeals.

A proper disposition of the case depends upon whether a mer-

ger took place upon the execution, by the Longstaffs, of the deed conveying the mortgaged property to Riegel. The material facts in the case are not seriously disputed.

As its first conclusion of law, the court found as follows: "That by the execution and delivery of the deed of the premises involved in this action by John Longstaff and wife to Andrew Riegel, and by the acceptance of said deed, Andrew Riegel became the owner in fee of said premises."

Upon this conclusion of law the court held that the mortgage given to defendant the City National Bank, to secure its note against the Longstaffs, became superior as a lien to the $15,000 mortgage of the plaintiff. This conclusion of law is not only without any support in the evidence or facts in the case, but is directly contrary to all the evidence touching upon this feature of the case. The contract which was made by the parties when the deed was executed expressly agreed that the said deed was delivered upon the sole condition "that the mortgages now on said property [meaning the mortgages owned by Riegel] remain in full force and effect, and the deed to be null and void, unless the other incumbrances [meaning the $22,000 mortgage then held by the Bank] now against said property are paid, disposed of, or liquidated in some way."

The execution and delivery of this contract took place at the same time, and as part of same transaction, as the execution and delivery of the deed and the payment of $2,500 to Longstaff by Riegel. This is clearly shown by the supplemental finding of fact No. 20, wherein the court finds as a fact that the execution of the deed and contract, and payment of the $2,500 to Longstaff, all took place at the same time and as a part of the same transaction.

██ It is the settled rule of law of this state that a merger does not take place upon the conveyance by the mortgagor of his equity to the mortgagee unless such result was intended by the mortgagee. Polchow v. Rose (S. D.) 225 N. W. 655; Perry v. Perry (S. D.) 221 N. W. 674; Bennett v. Campbell 48 S. D. 285, 204 N. W. 177; Fruth v. Bolt, 39 S. D. 351, 164 N. W. 105; Rasmussen v. Stanfield, 49 S. D. 120, 206 N. W. 475. In this case the notes were not surrendered nor the mortgages canceled when the deed was executed, nor does the deed itself appear to have been recorded. The evidence not only fails to show that the mortgagee

intended that a merger should take place, but it affirmatively shows that he did not intend anything of the kind.

■ The court took an accounting of the rents and profits of the mortgaged premises. To this accounting no exceptions were taken by the appellant. But the appellant does except to the application made by the court of the net income of the mortgaged property. No application having been made by the parties, the net income should be applied as provided by section 757, Rev. Code 1919, ratably, first, to the payment of the interest due on plaintiff's mortgages; second, to the principal due on the said notes; and, third, the surplus, if any, to the payment of defendant's note.

Plaintiff is entitled to a decree of foreclosure of his mortgages and the sale of the mortgaged property.

The judgment and order appealed from are reversed, and the cause is remanded to the trial court, with directions to enter a decree in conformity with this opinion.

SHERWOOD, P. J., and CAMPBELL, BURCH, and BROWN, JJ., concur.